2018 WL 3785131
Only the Westlaw citation is currently available.
United States District Court, D. Maryland.

Joahn Barron FRAZIER, Plaintiff
v.
EXPERIAN INFO. SOLS., INC., et al., Defendants

CIVIL NO. JKB-18-0067
|
Signed 08/06/2018
|
Filed 08/09/2018

**Attorneys and Law Firms**

Joahn Barron Frazier, Hagerstown, MD, pro se.

Jon G. Heintz, Jones Day, Washington, DC, Robert J. Schuckit, Schuckit & Associates, P.C., Zionsville, IN, for Defendants.

## MEMORANDUM

James K. Bredar, Chief Judge

### I. Background

**\*1** Plaintiff Joahn Barron Frazier filed an Amended Complaint alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x (2012). (BCF No. 15.) Plaintiff contends that Defendants[1] failed to disclose Plaintiff's full consumer file pursuant to § 1681g(a)(1).[2] Defendant Equifax Inc. ("Equifax") and putative defendant, Equifax Information Services, LLC ("EIS"), filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) asserting two grounds for dismissal. First, Equifax contends that it is not a consumer reporting agency ("CRA") and. therefore, cannot be held liable under the FCRA. Mot. Dismiss First Am. Compl. 1, Apr. 5, 2018, ECF No. 18. Second, Defendants allege that

Plaintiff failed to provide facts sufficient to support her claim for relief by offering "merely speculative and conclusory allegations" that she did not receive a full consumer file disclosure. Mot. Dismiss First Am. Compl. 1. No hearing is required. Local Rule 105.6 (D. Md. 2016). The motion will be granted.[3]

### II. Standard of Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires "[a] pleading that states a claim for relief [to] contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,' " Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 570). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. Id. at 679. As the Twombly opinion stated. "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. Twomhly, 550 U.S. at 555.

### III. Allegations of the Complaint

**\*2** On September 19, 2017, Plaintiff made a written request for "all information in [her] consumer file" to Equifax.[4] Compl. Ex. B, Jan. 9, 2018, ECF No. 1 (emphasis omitted); see First Am. Compl. ¶ 19, Mar. 22, 2018, ECF No. 15. In

response, EIS sent Plaintiff a letter that Plaintiff contends "was not responsive to her request." First Am. Compl. ¶ 20; *see* Compl. Ex. C. Unsatisfied with Defendants' response, Plaintiff made a "second and final request for a full consumer file disclosure" to Equifax. First Am. Compl. ¶ 25 (emphasis omitted); *see* Compl. Ex. G. In response to her second request, Equifax allegedly sent Plaintiff a "credit report" that was also "not responsive to her request." First Am. Compl. ¶ 28; Pl.'s Opp'n Ex. A, Apr. 20, 2018, ECF No. 21.

On January 9, 2018, Plaintiff filed a Complaint against Defendants alleging violations of the FCRA, citing 15 U.S.C. § 1681g(a)(1). First Am. Compl. ¶¶ 19, 20, 21. Equifax filed a Motion to Dismiss the original complaint, Mot. Dismiss, Mar. 6, 2018, ECF 11, and Plaintiff filed her First Amended Complaint. Based "upon information and belief," Plaintiff contends that "there is substantial information relating to [her] that is contained in all Defendants' files that has not been disclosed to her."[5] First Am. Compl. ¶ 34.

### IV. Analysis

#### A. The Court may plausibly infer that Equifax is a CRA

Equifax argues that it is not a CRA.[6] Equifax relies on three district court summary judgment decisions[7] and the fact that EIS, not Equifax, prepared Plaintiff's disclosure.[8] Mot. Dismiss First Am. Compl. 3. Plaintiff contends that Equifax is a CRA. First Am. Compl. ¶ 7. Plaintiff asserts that Equifax has "held itself out repeatedly ... as the actual operating entity" that "freely transfer[s] ... consumer information and data ... for commercial purposes" and claims that Equifax sent her the report because it had a bolded "EQUIFAX" label on the first page. First Am. Compl. ¶ 7-8; Pl.'s Opp'n 3, Ex. A. Plaintiff suggests, however, that the issue of whether Equifax is a CRA should be resolved at the summary judgment stage. Pl.'s Opp'n 5. As a preliminary matter, the Court first addresses whether it can make such a determination when considering a motion to dismiss.

**\*3** Courts have held that a defendant's status as a CRA should he decided on a motion for summary judgment,[9] not through a motion to dismiss. *See Scott v. Experian Info. Sols., Inc.*, No. 18-CV-60178-ALTONAGA/Seltzer, 2018 WL 3360754, at \*4-5 (S.D. Fla. June 29, 2018) (finding that Equifax's contention that it is not a CRA is "more

appropriately presented and resolved at summary judgment"); *see also Jones v. Equifax, Inc.*, No. 3:14cv678, 2015 WL 5092514, at \*4 n.11 (E.D. Va. Aug. 27, 2015) (noting that the cases cited by Equifax to support a finding that it was not a CRA were unpersuasive for a motion to dismiss because "every decision ... was rendered at the summary judgment stage"); *Wikert v. Wells Fargo Bank*, No. 3:11-cv-00786-J-37JRK, 2012 WL 333787, at \*3 (M.D. Fla. Feb. 1, 2012) (making a "reasonable inference" while considering the defendant's motion to dismiss that the defendant is a CRA and recognizing that "[s]hould [the] [d]efendant have evidence that [it] is not a CRA, it may present it at a later stage of this litigation"). Accordingly, to survive Equifax's motion to dismiss and proceed to discovery, Plaintiff need only plead sufficient facts to allow this Court to make a reasonable inference that the defendant is a CRA. *Scott*, 2018 WL 3360754, at \*5; *see Marricone v. Experian Info. Sols., Inc.*, No. 09-CV-1123, 2009 WL 3245417, at \*1 (E.D. Pa. Oct. 6, 2009) (concluding that without binding case law that the defendant is not a CRA, a plaintiff's well-pleaded allegations that the defendant acted as a CRA under the circumstances of the case should survive a Rule 12(b)(6) motion to dismiss).

In *Scott v. Experian Information Solutions. Inc.*, a case concerning an analogous motion to dismiss, the District Court for the Southern District of Florida found that the plaintiff pled "facts sufficient to show Equifax is a CRA at this phase of the litigation." *Scott*, 2018 WL 3360754, at \*4. In its reasoning, the court emphasized three items in the plaintiff's complaint that it used to reach its decision. First, the plaintiff alleged that "he submitted two requests for his full consumer file disclosures to Equifax and received responses from Equifax." *Id.* (citing Am. Compl. ¶¶ 22-23, 28, 31). Second, the plaintiff stated that "Equifax operate[d] as a seller of credit report information." *Id.* (citing Am. Compl. ¶¶ 7-8). Lastly, the complaint included a letter from Equifax sent in response to the plaintiff's request. *Id.* at \*5 (citing Am. Compl. ¶¶ 23, 31). The court concluded that the letter alone provided "a reasonable inference that Equifax is a CRA." *Id.*; *see Wikert*, 2012 WL 333787, at \*3 (finding that the "Credit Reports" attached to the complaint "at the very least[ ] support a 'reasonable inference' that [defendant] is a CRA" and recognizing other district court decisions that have reached the same conclusion (quoting *Iqbal*, 556 U.S. at 1949) ).

As in *Scott*, Plaintiff contends that she sent two requests to Equifax and, in response to her second request, received a "credit report" with "the name 'EQUIFAX' in big bold letters on the first page" of the report. Pl.'s Opp'n 3, Ex. A; First Am. Compl. ¶ 28. Plaintiff, however, only provided a portion of the report attached to her Opposition. She

redacted the entire body of the report, leaving only Equifax's logo (as described above), Equifax's URL, the date, Plaintiff's name and address, an identification number, and "Page 1 of 18" at the bottom. Pl.'s Opp'n Ex. A. Nonetheless, based on the parts of the report provided, supported by Plaintiff's factual allegation that she received a credit report from Equifax, it is reasonable to infer that the exhibit is the first page of Equifax's disclosure to Plaintiff. Accordingly, as in *Scott*, the report, paired with Plaintiff's factual allegations, is enough to overcome Defendants' motion to dismiss with respect to Equifax's contention that it is not a CRA. If Equifax has evidence that would refute the Court's conclusion, it may file a motion for summary judgment and present its evidence to the Court. *See Wikert*, 2012 WL 333787, at *3.

**\*4** Although the Court draws the inference from the First Amended Complaint that Equifax Inc. is a CRA, the Court offers no opinion as to whether Plaintiff can succeed at the evidentiary stage in establishing proof of such. Given the cases in which Equifax Inc. was *not* found to be a CRA when evidence was presented in summary-judgment motions, the Court is doubtful Plaintiff would be able to prove otherwise. However, Plaintiff's contention survives Equifax's motion to dismiss. Because the Court so holds, it need not reach Plaintiff's alternate contention that Equifax is an alter ego of its subsidiaries and. therefore, that Equifax is a CRA.

### B. Plaintiff fails to allege sufficient facts to support her claim for relief

Defendants[10] allege that Plaintiff failed to "state facts sufficient to support a claim for relief under the FCRA" because she "merely recites in conclusory fashion that she did not receive a full disclosure."[11] Mot. Dismiss First Am. Compl. 11. Plaintiff contends that the document she received was "not responsive to her request" because it omitted "substantial information." First Am. Compl. ¶¶ 28, 34. Defendants argue, however, that Plaintiff's complaint is void of "any factual enhancement that specific information that should have been in the disclosure was missing." Mot. Dismiss First Am. Compl. 13.

A complaint based exclusively "upon information and belief" is "insufficient to defeat a motion to dismiss." *Mann Bracken, LLP v. Exec. Risk Indemnity, Inc.*, Civ. No. DKC 15-1406, 2015 WL 5721632, at *7 (D. Md. Sept. 28, 2015) (quoting *Harman v. Unisys Corp.*, 356 Fed.Appx. 638, 640-41 (4th Cir. 2009) ). However, a distinction exists between cases that use "upon information and belief" as a

deficient substitute for describing the necessary particulars of a claim and those cases "where a plaintiff does not have personal knowledge of the facts being asserted" because they are within the defendant's control. *Id.* (quoting *Malibu Media, LLC v. Doe*, Civ. No. PWG-13-365, 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014) ). When accompanied by "specific factual allegations," the latter use may overcome a motion to dismiss. *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 768 (D. Md. 2015).

**\*5** In *Scott*, the plaintiff pled "upon information and belief" that the following was missing from the disclosure he received from the defendants:

> (1) "information that was previously shown in his credit reports and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of"; (2) "negative codes among other things that are provided to prospective creditors, insurers or employers"; and (3) "far more information relating to Plaintiff in their files and databases including archived information."

*Scott*, 2018 WL 3360754, at *6 (citations omitted) (quoting Am. Compl. ¶ 38, 39, 41). The plaintiff clarified that his claim focused on information that "may have been at some time in the past provided to an unknown third party or might be provided at some time in the future to a third party." *Id.* at *7 (emphasis omitted) (quoting Am. Compl. ¶ 43). Lastly, the plaintiff contended that " 'one can only surmise' the information [the] [d]efendants share with third parties 'must obviously contain information that the consumer has never seen and the consumer reporting agencies don't want him or her to see for some unknown reason.' " *Id.* (original alterations omitted) (quoting Am. Compl. ¶ 47).

The district court held that the plaintiff's "speculative guesswork ... render[ed] the pleading incapable of withstanding a motion to dismiss." *Id.* The court reasoned that the plaintiff failed to "point to what information is actually missing" from the disclosure or the "specific facts" that he relied on to allege that the defendants did not meet the disclosure requirements of the FCRA. *Id.* The court further emphasized the plaintiff's lack of direct knowledge and the use of "might" and "may," which illustrated the hypothetical nature of the plaintiff's complaint. *Id.*

In the instant case, based "[u]pon information and belief," Plaintiff alleges that "there is substantial information relating to [her] that is contained in all Defendants' files that has not been disclosed to her." First Am. Compl. ¶ 34. While she has "no direct knowledge" of the information in

Defendants' files,[12] First Am. Compl. ¶ 32, Plaintiff speculates as to the following possible omissions:

> information that was previously shown in her credit reports that is now archived and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that she has never seen or has been made aware of [and]
>
> ... [information containing] negative codes among other things that are provided to prospective creditors, insurers or employers which directly affect how that prospective creditor, insurer or employer would view the Plaintiff in terms of granting credit, rating insurance policies or providing employment or even providing housing.

First Am. Compl. ¶¶ 34, 35. Plaintiff further contends,

> The sole issue in this lawsuit revolves around the fact that [Plaintiff] has not had access to all information in her full consumer file that may have been at some time in the past provided to an unknown third party or might be provided at some time in the future to a third party.

**\*6** First Am. Compl. ¶ 39 (emphasis omitted). Lastly, Plaintiff asserts,

> One can only surmise that there must be some nefarious reason why that information should not be provided to the consumer.... It obviously must contain information that the consumer has never seen, and the consumer reporting agencies don't want her to see it for

some unknown reason.

First Am. Compl. ¶ 43.

Plaintiff's allegations are nearly identical to those made by the plaintiff in *Scott*. Plaintiff admits that she has no direct knowledge of the content in Defendants' files and can only postulate as to what should have been included in the disclosures. Plaintiff also uses words such as "may" and "might" and includes the exact language the court in *Scott* referred to as a "telling[ ]" example of the plaintiff's speculation.[13] *Scott*, 2018 WL 3360754, at \*7; First Am. Compl. ¶ 39. While it may be true that the information Plaintiff is seeking is within the control of Defendants, Plaintiff fails to accompany her conclusional allegations based "upon information and belief" with "specific factual allegations" that led her "to accuse Defendants of failing to meet their disclosure requirements under the FCRA." *Scott*, 2018 WL 3360754, at \*7. As in *Scott*, even when considering all facts in a light most favorable to Plaintiff and accepting her allegations as true, the Court cannot reasonably infer that the Defendants violated their disclosure requirements pursuant to § 1681g(a)(1) of the FCRA. The complaint fails to state a claim for relief.

***V. Conclusion***
Although the Court rules in Plaintiff's favor as to whether she has successfully alleged Equifax Inc. is a CRA, the Court agrees with Defendants that she has nevertheless failed to state a claim for relief. A separate order dismissing Plaintiff's complaint against Equifax Inc. will follow.

**All Citations**

Slip Copy, 2018 WL 3785131

Footnotes

1    Named Defendants are Experian Information Solutions, Inc. ("Experian"), Equifax Inc. ("Equifax"), and Trans Union, LLC ("Trans Union"). However, Plaintiff's complaint effectively includes two Equifax Inc. subsidiaries, Equifax Information Services, LLC ("EIS"), and Equifax Consumer Services, LLC ("ECS"), as defendants on the theory that Equifax Inc. and its subsidiaries operate as alter egos of one another. This opinion will treat EIS and ECS as though they are named as defendants; however, only EIS seems to be targeted by Plaintiff as sharing in the alleged misconduct by Equifax Inc. against Plaintiff. Consequently, ECS will not be further addressed here, but any ruling on the substantive merits of Plaintiffs complaint regarding Equifax Inc. shall be deemed to include ECS and EIS. Experian and Trans Union filed answers, and the Court does not address any allegations against them in this opinion. Hereinafter, "Defendants" in the instant opinion exclusively refers to Equifax Inc. and its subsidiaries.

2      "Every consumer reporting agency shall, upon request ... clearly and accurately disclose to the consumer ... [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a) (2012).

3      Equifax's motion to dismiss the original complaint (ECF No. 11) will be found moot.

4      Plaintiff made the same request to Experian and Trans Union and was similarly unsatisfied with their responses. First Am. Compl. ¶¶ 17-18, 21-22; Compl. E.x. A, D.

5      This memorandum opinion discusses Plaintiff's specific allegations in a subsequent section. *See infra* Section II.

6      The FCRA defines "consumer reporting agency" as follows:
> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f) (2012).

7      *See Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777, at *1 (E.D. Mich. Apr. 8, 2014) ("[Equifax] does not engage of the business of assembling or reporting consumer credit information. Rather, [EIS], a subsidiary of Equifax, Inc., is a consumer reporting agency...." (citations omitted) ); *Channing v. Equifax, Inc.*, No. 5:11-CV-293-FL, 2013 WL 593942, at *2 (E.D.N.C. Feb. 15, 2013) ("[Equifax] is not a CRA, but rather is a holding company which does not own, receive, store, maintain, process, or otherwise exercise control over plaintiff's consumer credit information."); *Slice v. Choicedata Consumer Servs., Inc.*, No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005) ("[Equifax] has not violated the FCRA as alleged because it is not a 'consumer reporting agency' and has not furnished or prepared a 'consumer report on the plaintiff.' ").

8      The FCRA defines "consumer report" as follows:
> [A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d).

9      As recognized by Defendants, district courts have concluded that Equifax is not a CRA at the summary judgment stage. *See supra* note 7.

10     See note 1, *supra*.

11     Defendants first contend that Plaintiff misinterprets the difference between a credit/consumer report and a consumer disclosure/file. Mot. Dismiss First Am. Compl. 11-13. They suggest that Plaintiff in fact received a consumer disclosure/file and not a credit/consumer report because, by definition, a credit/consumer report is a communication "generated by a CRA and delivered to a *third party*," while a consumer disclosure/file "is a CRA's file that is provided to the *consumer*." Mot. Dismiss First Am. Compl. 13 (emphasis added). Accordingly, since Plaintiff, "the consumer, was the recipient, what she received was exactly what she requested—a full consumer file disclosure." Mot. Dismiss First Am. Compl. 12-13; *see* 15 U.S.C. § 1681a(d) (defining "consumer report"); *id.* § 1681a(g) (defining "file"). Federal courts have recognized the distinction between a consumer/credit report and a consumer disclosure file. *See. e.g.,* *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015) ("According to the FCRA's definitions, a 'consumer report' is communicated by the consumer reporting agency [to a third party], while a 'file' is retained by the consumer reporting agency."): *Letren v. Trans Union. LLC*, Civ. No. PX 15-3361, 2017 WL 445237, at *8 (D. Md. Feb. 2, 2017) ("It follows then that 'there cannot be a consumer report without disclosure to a third party.' " (quoting *Jackson v. Early Warning Servs., LLC,* No. PJM 15-1233, 2016 WL 7228866, at *6 (D. Md. Dec. 13, 2016) ) ). This opinion does not address the matter further because Plaintiff nonetheless contends that the disclosure she received, however it may be classified, was insufficient and in violation of the disclosure requirements under the FCRA. *See Scott*, 2018 WL 3360754, at *6 ("Despite the legal distinction

between a consumer 'file' and a 'consumer report,' [the] [p]laintiff insists he received something less than his full consumer file disclosure.")

12    Plaintiff asserts that she "realized there was [more] substantial information that companies like Equifax ... had in their file(s) about consumers than had been included in a conventional credit report she had received previously." First Am. Compl. ¶ 32. Plaintiff does not elaborate further with respect to what she had previously received in a conventional credit report compared to what she received in her disclosures from Defendants.

13    *Compare* First Am. Compl. ¶ 43 ("One can only surmise that there must be some nefarious reason why the information should not be provided to the consumer.... It obviously must contain information that the consumer has never seen, and the consumer reporting agencies don't want her to see it for some unknown reason."), *with Scott,* 2018 WL 3360754, at *7 ("Tellingly, [the plaintiff] alleges 'one can only surmise' the information [the] [d]efendants share with third parties 'must obviously contain information that the consumer has never seen and the consumer reporting agencies don't want him or her to see for some unknown reason.' " (quoting Am. Compl. ¶ 47) ).

---

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

---