KeyCite Yellow Flag - Negative Treatment
Declined to Extend by Young v. TransUnion Corp., N.D.Ga., January 14, 2016

2014 WL 1477705
Only the Westlaw citation is currently available.
United States District Court,
N.D. California.

Brian Douglas Larson, Plaintiff,
v.
Trans Union, LLC, Defendant.

Case No. 12–cv–05726–WHO
|
Signed April 14, 2014

**Attorneys and Law Firms**

Andrew J. Ogilvie, Carol McLean Brewer, Anderson, Ogilvie & Brewer LLP, San Francisco, CA, Gregory Joseph Gorski, John Soumilas, Francis and Mailman, P.C., Philadelphia, PA, for Plaintiff.

Brian C. Frontino, Jeffrey Babcox Bell, Julia B. Strickland, Stephen Julian Newman, Benjamin Gary Diehl, Jason S. Yoo, Stroock & Stroock & Lavan LLP, Los Angeles, CA, for Defendant.

**ORDER ON MOTION TO DISMISS AMENDED COMPLAINT**

Re: Dkt. No. 45

WILLIAM H. ORRICK, United States District Judge

**\*1** Defendants Trans Union, LLC ("Trans Union") moves to dismiss plaintiff Brian Larson's amended complaint alleging that Larson received an incomplete and inaccurate credit disclosure from Trans Union in violation of the Federal Credit Reporting Act, 15 U.S.C. section 1681 et seq. ("FCRA") and California Consumer Credit Reporting Agencies Act, Cal. Civ.Code section 1785.1 et seq. ("CCRAA"). The disclosure received by Larson was ambiguous but Larson did not allege that Trans Union failed to provide any information. The federal law requires that information be "clearly and accurately" disclosed to the consumer, and I will DENY the motion to dismiss on the federal causes of action because of the ambiguity in the disclosure. However, while the state law has the same general overall purpose to require disclosure of information, it does not contain the "clearly and accurately" requirement and Larson did not plead that information was not disclosed. For that reason, I will GRANT the motion to dismiss on the state law causes of action.

**FACTUAL BACKGROUND**

On October 26, 2011, Brian Larson obtained a copy of his file from Trans Union, LLC, a consumer credit reporting agency that compiles and sells consumer credit reports. Amended Complaint ("FAC") ¶¶ 6–7, 22. After disclosing information under the headings "Personal Information," "Adverse Accounts," "Satisfactory Accounts," "Regular Inquiries," and "Account Review Inquiries," the file stated, "End of Credit Report." *Id.* ¶ 24. Beneath that heading, the file stated:

-Begin Additional Information-

**Additional Information**

> The following disclosure of information is provided as a courtesy to you. This information is not part of your TransUnion [sic] credit report, but may be provided when TransUnion receives an inquiry about you from an authorized party. This additional information can include Special Messages, Possible OFAC Name Matches, Income Verification and Inquiry Analysis information. Any of the previously listed information that pertains to you will be listed below.

*Id.* ¶ 25. The file then states:

© 2019 Thomson Reuters. No claim to original U.S. Government Works. 1

**Possible OFAC Match**

...

As a courtesy to you, we also want to make sure you are aware that the name that appears on your TransUnion credit file **is considered a *potential* match to information listed on the United States Department of Treasury's Office of Foreign Asset Control ("OFAC") Database.**[1]

**The OFAC record that is considered a potential match to the name on your credit file is:**

*Id.* ¶ 28.

Following the words "the name on your credit file is:" Trans Union "places no data at al l, intentionally leaving the space blank, and leaving consumers such as [Larson] to wonder what information from the OFAC list [Trans Union] thinks is attributable to them." *Id.* ¶ 29.[2]

**\*2** Trans Union sold Larson's credit report to "Wells Fargo Fin Card" on December 7, 2009, Wells Fargo Financial, N.A. on May 5, 2010, and Citibank, N.A. on August 8, 2011. *Id.* ¶ 30. Trans Union "does not know what content these reports contained and does not keep records of the data actually sold to these third parties" so Larson is "uncertain whether [Trans Union] sold any OFAC alert information about [him] to any third party." *Id.* ¶ 38.

Larson asserts he is not a match to any individual or entity on the OFAC list, but he "suffered humiliation and embarrassment" that Trans Union "considers him a match or a possible match to some suspected criminal on the OFAC list and was distressed over the fact that [Trans Union] does not even provide sufficient information about what suspected criminal's information is purportedly a match or a possible match...." *Id.* ¶ 38.

**PROCEDURAL BACKGROUND**

This case was removed from the Superior Court of California, San Francisco County, on November 7, 2012. Dkt. No. 1. The putative class action complaint alleged that (i) Trans Union failed to provide Larson with all of the information in his consumer credit file in violation of CCRAA sections 1785.10 and 1785.15 and (ii) Trans Union provided an inaccurate consumer credit report in violation of CCRAA section 1785.14. *Id.* I granted Trans Union's motion to dismiss. Dkt. No. 33. Larson's First Cause of Action was defective because it pleaded both that Trans Union failed to comply with CCRAA sections 1785.10 and 1785.15 requirements that it disclose "all information" in a consumer's file and that there was no additional information about Larson to release. *Id.* at 4–5. His Second Cause of Action failed because CCRAA section 1785.14 only applies to a "consumer credit report" prepared for third parties, not a disclosure to the consumer. *Id.* at 6–8.

Recognizing that "[s]ince at least some of Count I's deficiency is due to the ambiguity of Trans Union's OFAC language in the disclosure to plaintiff," I granted Larson limited discovery on: (i) any consumer credit reports prepared by Trans Union about Larson; (ii) the meaning of the OFAC language; (iii) the meaning of a blank space when used in a file disclosure or credit report in connection with an OFAC provision; and (iv) whether Trans Union determined that there was a potential match to Larson in the OFAC data base prior to providing the file disclosure or report alleged in the complaint. *Id.* at 5–6, 8–9.

On January 15, 2014, Larson filed an amended complaint asserting four causes of action alleging that (1) the format of Trans Union's disclosure to Larson is misleading and inaccurate under FCRA section 1681g(a), (2) the format of Trans Union's disclosure to Larson is misleading and inaccurate under CCRAA sections 1785.10 and 1785.15, (3) the substance of Trans Union's disclosure to Larson is misleading and inaccurate under FCRA section 1681g(a), and (4) the substance of Trans Union's disclosure to Larson is misleading and inaccurate under CCRAA sections 1785.10 and 1785.15. Dkt. No. 39 at 11–13.[3] Trans Union moved to dismiss.

**LEGAL STANDARD**

Under [Federal Rule of Civil Procedure 12(b)(6)](), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a [Rule 12(b)(6)]() motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)](). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)]() (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of

specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 570.

**\*3** In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).

## DISCUSSION

### I. LARSON HAS SUFFICIENTLY ALLEGED THAT TRANS UNION'S DISCLOSURE VIOLATES THE FCRA

Larson alleges that the format and substance of Trans Union's disclosure is "misleading and inaccurate" in violation of FCRA section 1681g(a), which states in pertinent part, "[e]very consumer reporting agency shall, upon request ... *clearly and accurately* disclose to the consumer: (1) All information in the consumer's file at the time of the request...." FAC ¶¶ 49–50, 58–59; 15 U.S.C. § 1681g(a) (emphasis added). Courts have construed the words "clearly and accurately" and similar words in other sections of the FCRA to mean that a credit reporting agency has a duty to "do more than simply make an accurate disclosure of information in the consumer's credit file." *Gillespie v. Equifax Info. Servs. L.L.C.,* 484 F.3d 938, 941 (7th Cir. 2007) (interpreting section 1681g(a)). *See also Miller v. Trans Union, LLC,* No. 12–cv–1715, 2013 WL 5442059, at \*5 (M.D. Pa. Sept. 27, 2013) ("Under section 1681g, Defendant has a duty to clearly and accurately set forth any OFAC information ... a disclosure may be accurate but may not be clear so that a consumer a consumer can determine the accuracy of the information."); *Dalton v. Capital Associated Indus., Inc.,* 257 F.3d 409, 415 (4th Cir. 2001) (credit report is not accurate under FCRA sections 1681e and 1681k if it provides information in a manner that creates a materially misleading impression); *Koropoulos v. Credit Bureau, Inc.,* 734 F.2d 37, 40–42 (D.C. Cir. 1984) (incomplete reporting can violate FCRA section 1681e's accuracy requirement when it is "misleading"); *Schweitzer v. Equifax Info. Solutions LLC,* 441 Fed.Appx. 896, 902 (3d Cir. 2011) ("A consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression.") (examining claim under section 1681e) (quoting *Saunders v. Branch Banking & Trust Co.,* 526 F.3d 142, 148 (4th Cir. 2008) (interpreting section 1681s)).

Applying this legal standard, and drawing all inferences in Larson's favor as I must at this procedural stage, I conclude that Larson has sufficiently pled that Trans Union's disclosure is misleading and inaccurate. The disclosure states that Larson's name "is considered a potential match to information listed on the United States Department of Treasury's [OFAC] Database." FAC ¶ 28. The disclosure then failed to provide any potential match. FAC ¶ 29. The FAC pleads that Larson suffered distress, humiliation, and embarrassment because he believed that Trans Union considered him a match or a possible match, he was misled concerning the information that Trans Union was reporting about him to third parties, and he believed Trans Union did not completely or properly disclose the contents of his file. FAC ¶¶ 36–38. He also alleges that the disclosure's statement that the OFAC information is "Additional Information" that "is not part of your Trans Union credit report" left him "confused" as to whether he had a right to dispute the information. FAC ¶ 50.

**\*4** These allegations are sufficient at the motion to dismiss stage. Even though both parties acknowledge that Larson is not on the OFAC list, and Larson's discovery did not reveal that Trans Union reported him as a match on the OFAC list,[4] Trans Union may not rely solely upon the accuracy of its disclosure to wholly defeat Larson's claims. *See, e.g. Miller,* 2013 WL 5442059 at \*5 (denying motion to dismiss nearly exact same facts and allegations and finding that "a consumer could be confused and interpret the document to mean that the consumer is an OFAC match and that the match information was intentionally omitted or not fully disclosed."). Accordingly, Trans Union's motion to dismiss Larson's claims under section 1681(g) is DENIED.

**II. LARSON HAS NOT SUFFICIENTLY ALLEGED THAT TRANS UNION'S DISCLOSURE VIOLATES THE CCRAA**

Larson alleges that Trans Union violated CCRAA sections 1785.10 and 1785.15, which require a credit reporting agency to "allow the consumer to visually inspect all files maintained regarding that consumer at the time of the request." CAL. CIV. CODE. § 1785.10(a); CAL. CIV. CODE. § 1785.15(a) ( "A consumer credit reporting agency shall supply files and information required under Section 1785.10 during business hours and upon reasonable notice."). The term "file" is defined as "all of the information on that consumer recorded and retained by a consumer credit reporting agency, regardless of how the information is stored." CAL. CIV. CODE. § 1785.3(g).

Larson alleges that the substance of Trans Union's disclosure violated CCRAA sections 1785.10 and 1785.15 because Trans Union did not provide "all" of the information in his file when it left a blank after the words "The OFAC record that is considered a potential match to the name on your credit file is:". But Larson does not identify any information that Trans Union failed to disclose to him. The amended complaint appears to assume that some data was withheld from Larson, without any factual allegations in support of that assumption. Even after being allowed limited discovery for purposes of amending his complaint, Larson pleads no facts in support of his contention that Trans Union possesses additional OFAC information about him that was not disclosed. Larson also concedes in his opposition brief that the discovery "did not reveal that Trans Union sold reports to third parties about [Larson] with OFAC information in them." Opp. at 2 n.1. Without any factual support this allegation still "stops short of the line between possibility and plausibility of entitlement to relief." Dkt. No. 33 at 5 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

Larson also argues that the format of Trans Union's disclosure violates CCRAA sections 1785.10 and 1785.15 because the OFAC information appeared under the title "Additional Information" and states that it is provided as a "courtesy." FAC ¶ 55. Larson relies on the holding in *Miller v. Trans Union, LLC,* No. 12–cv–1715, 2013 WL 5442059 (M.D. Pa. Sept. 27, 2013), where the court found that an ambiguous OFAC disclosure violated Trans Union's duty to disclose information "clearly and accurately" as required by FCRA section 1681g(a). Opp. at 8–10. The fatal flaw in Larson's argument is that CCRAA sections 1785.10 and 1785.15 do not on their face impose an accuracy requirement. The words "clearly and accurately" do not appear in those sections of the CCRAA. Therefore the holding in *Miller,* which depends on the words "clearly and accurately" in FCRA section 1681g(a), is not on point. Larson has not cited any authority that reads an accuracy requirement into CCRAA sections 1785.10 and 1785.15, and I am aware of none. While in many instances "[b]ecause the CCRAA is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions," *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 889 (9th Cir. 2010) (citation omitted), I decline to read words into the CCRAA that are not there.

**\*5** This conclusion is supported by the fact that other sections of the CCRAA contain accuracy requirements. *See e.g.,* CAL. CIV. CODE. 1785.14(b) (requiring credit reporting agencies to prepare information provided to third parties with "maximum possible accuracy"). When particular language is included in one section of a statute but omitted in another section of the same statute, it is generally presumed that the legislature acts intentionally and purposely in the disparate inclusion or exclusion. *Barnhart v. Sigmon Coal Co., Inc.,* 534 U.S. 438, 452 (2002).

Larson's reliance on the Third Circuit's decision in *Cortez v. Trans Union, LLC,* 617 F.3d 688 (2010), is also misplaced because the facts are very different. *Cortez* involved an outrageous situation caused by Trans Union's refusal to correct a credit report. There, the plaintiff received a disclosure that did not report any OFAC information. She first discovered that she was identified as an OFAC match when she attempted to purchase a car and her credit application was denied. *Id.* at 699–700. The plaintiff then attempted to contact Trans Union multiple times to remove the information, but Trans Union failed to do so. *Id.* at 700. Trans Union also denied that it had any duty to provide OFAC information directly to the consumer. *Id.* The Third Circuit held that an OFAC alert is part of a consumer's "file" within the meaning of the FCRA, and therefore it must be included in a disclosure to the consumer. *Id.* at 712.

Unlike *Cortez,* where Trans Union failed to give the plaintiff any OFAC information in her disclosure, here, Trans Union did provide OFAC information in Larson's disclosure. Larson defines the issue as whether the "format" of Trans Union's disclosure violates the CCRAA. FAC at 11. But *Cortez* had nothing to do with the proper

"format" of OFAC data. And there is no evidence that Trans Union gave any OFAC information to a third party that it did not provide to Larson.

Larson provides no other law and alleges no facts, other than the language of the OFAC alert itself, to support his reading that the "format" of the OFAC information violates the CCRAA. Dkt. No. 19–20. The Court agrees that the language is ambiguous. But Larson offers no support for his argument that potentially ambiguous "format" in a consumer disclosure give rise to a claim under sections 1785.10 and 1785.15. Larson's allegations are not well-pleaded.

I gave Larson the opportunity to complete discovery on his file before amending the complaint. Because he was unable to allege new facts that would support a cause of action under the CCRAA, I will GRANT Trans Union's motion to dismiss the CCRA claims without leave to amend.

## CONCLUSION

For the reasons above, the motion to dismiss is GRANTED without leave to amend on Larson's Second and Fourth Causes of Action alleging violations of the CCRAA, and DENIED on Larson's First and Third Causes of Action alleging violations of the FCRA. Trans Union has 20 days to answer the pending Amended Complaint.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 1477705

Footnotes

1   The FAC does not state whether the emphasis was in the original disclosure or added by counsel.

2   OFAC alerts advise credit grantors whether an applicant's name matches an individual or entity identified by the United States Department of Treasury's Office of Foreign Asset Control ("OFAC") as hostile to the United States. Compl. ¶ 1. Certain institutions are required to consult the OFAC list before transacting with individuals. 31 U.S.C. § 5318(*l*) (2). Failure to comply may carry criminal penalties, civil penalties, and fines ranging from $10,000 to $10,000,000. See *Cortez v. Trans Union, LLC,* 617 F.3d 688, ns. 14–19 (3rd Cir. 2010). Credit agencies have adopted measures to allow credit grantors to determine if a credit applicant is on the OFAC list by matching the applicant's name and other information to the individuals and entities on the list. See OFAC Frequently Asked Questions and Answers, http://www.treasury.gov/resource-center/faqs/Sanctions/Pages/answer.aspx (visited on April 7, 2014).

3   The amended complaint no longer asserts that Trans Union provided an inaccurate consumer credit report in violation of CCRAA section 1785.14.

4   Larson's opposition states that "[t]he limited discovery that this Court permitted did not reveal that Trans Union sold reports to third parties about Plaintiff with OFAC information on them." Opp. at 2 n.1.

**End of Document**　　　　　© 2019 Thomson Reuters. No claim to original U.S. Government Works.