2018 WL 3360754
Only the Westlaw citation is currently available.
United States District Court, S.D. Florida.

James W. SCOTT, Plaintiff,
v.
EXPERIAN INFORMATION SOLUTIONS, INC.,
et al., Defendants.

CASE NO. 18-CV-60178-ALTONAGA/Seltzer
|
Signed 06/29/2018

**Attorneys and Law Firms**

James W. Scott, Deerfield Beach, FL, pro se.

Erika Stephanie Whyte, Jones Day, Franklin Gordon Cosmen, Jr., Quintairos Prieto Wood & Boyer P.A., Miami, FL, John Anthony Love, King & Spalding, Atlanta, GA, for Defendants.

### ORDER

CECILIA M. ALTONAGA, UNITED STATES DISTRICT JUDGE

**\*1 THIS CAUSE** came before the Court upon Defendants, Equifax, Inc., Equifax Information Services LLC ("EIS"), and Trans Union LLC's Combined Motion to Dismiss [ECF No. 46], filed on May 3, 2018.[1] Plaintiff, James W. Scott, filed a Response [ECF No. 47] on May 15, 2018, to which Defendants filed a Reply [ECF No. 48] on May 22, 2018. The Court has carefully considered the Amended Complaint [ECF No. 37], the parties' written submissions, the record, and applicable law. For the reasons that follow, the Motion is granted.

### I. BACKGROUND

Plaintiff is a resident of Broward County, Florida. (*See* Am. Compl. ¶ 3). Defendants, along with their subsidiaries, affiliates, and partners, operate as consumer reporting agencies ("CRAs"). (*See id.* ¶¶ 6, 15). As CRAs, Defendants sell consumer information in consumer files to third parties. (*See id.* ¶¶ 11, 16). Trans Union, for example, sells consumers' criminal histories, employment, and landlord-tenant information to third parties. (*See id.* ¶ 16).

Equifax, too, operates as a seller of credit report information. (*See id.* ¶¶ 7–8). Equifax and EIS "freely transfer communications from consumers, as well as consumer information and data based on consumer information and communications, between the entities for commercial purposes without restriction." (*Id.* ¶ 9). Equifax and EIS use the same "Equifax" logo, which prevents consumers from differentiating between the entities. (*See id.* ¶ 10). Furthermore, EIS's management decisions are made through Equifax. (*See id.* ¶ 11). Thus, the two companies "hold themselves out as a single uniform business entity." (*Id.*).

After the recent hack of Equifax's database, Plaintiff has "reason to believe that there was more information to be had than what he ever received from a conventional credit report in the past." (*Id.* ¶ 36). In September 2017, Plaintiff sent a letter to Defendants, requesting his full consumer file disclosure. (*See id.* ¶ 19; *see also id.* Ex. 1, Full File Disclosure Request pursuant to 15 U.S.C. § 1681(g)(a)(1) 15–17[2]). Defendants received Plaintiff's requests on September 20, 2017. (*See id.* ¶¶ 22, 24). Plaintiff's request for a disclosure was his first in 12 months. (*See id.* ¶ 27). Plaintiff attached copies of his social security card and current state driver's license to his request. (*See id.*). In response, Defendants returned copies of his credit report, which was not responsive to Plaintiff's requests for his full consumer file disclosure. (*See id.* ¶¶ 23, 25).

**\*2** Plaintiff then requested his consumer file disclosure from Defendants for a second and final time. (*See id.* ¶ 28; *see also id.* Ex. 2, Final Request Pursuant to 15 U.S.C. § 1681g(a)(1) 19–21). Plaintiff attached copies of his initial request and his social security card and driver's license as identification in his second set of requests. (*See id.* ¶ 28). Defendants again sent Plaintiff a copy of his credit report. (*See id.* ¶¶ 31–32). In response to Plaintiff's request to Equifax, Plaintiff received a letter from "Equifax," thanking Plaintiff for "requesting [his] credit file, commonly called a Consumer Credit Report." (Resp. Ex. 2 (alteration added); *see also* Am. Compl. ¶¶ 23, 31).[3]

In both requests, Plaintiff asked for his "full consumer file disclosure," rather than a "conventional credit report as he had done in the past." (Am. Compl. ¶ 36). Plaintiff "did not request a credit report, credit disclosure, or anything else using the words 'credit' or 'report' in any manner...." (*Id.* ¶ 37 (alteration added) ). Yet, Defendants never sent Plaintiff his full consumer file disclosures. (*See id.* ¶ 48).

Plaintiff asserts upon information and belief that the following information is missing from Defendants' responses to his requests: (1) "substantial information relating to [ ] Plaintiff that is contained in all Defendants' files that has not been disclosed to him" (*id.* ¶ 38 (alteration added) ); (2) "information that is not disclosed to Plaintiff contain[ing] negative codes among other things that are provided to prospective creditors, insurers or employers" (*id.* ¶ 39 (alteration added) ); and (3) "far more information relating to Plaintiff in their files and databases including archived information" (*id.* ¶ 41).

In short, Plaintiff has been unable to access all information in his full consumer file which "may have been at some time in the past provided to an unknown third party or MIGHT be provided at some time in the future to a third party and he is entitled by law to review and have access to for accuracy." (*Id.* ¶ 43 (emphasis in original) ). According to Plaintiff, "[o]ne can only surmise" the information Defendants share with third parties "obviously must contain information that the consumer has never seen and the consumer reporting agencies don't want him or her to see for some unknown reason." (*Id.* ¶ 47 (alteration added) ).

**\*3** Plaintiff asserts Defendants all operate as CRAs and should be regulated by 15 U.S.C. section 1681, the FCRA. (*See id.* ¶¶ 6, 14, 15). As relevant against the Defendants, Plaintiff also alleges Trans Union (Count II) (*see id.* ¶¶ 55–58), Equifax and EIS (Count III) (*see id.* ¶¶ 59–62), violated the FCRA by failing to provide Plaintiff's full consumer file disclosures. Plaintiff seeks statutory damages of $1,000.00, attorney's fees, and costs from each Defendant. (*See id.* ¶¶ 58, 62).

The Combined Motion to Dismiss asserts Equifax is not a CRA under the FCRA, and the claim against Equifax should be dismissed. (*See* Mot. 1). The Motion also seeks dismissal of all Defendants, arguing the Amended Complaint fails to plead facts sufficient to support a claim for relief under the FCRA. (*See id.* 1–2).

## II. LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6) ], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). Although this pleading standard "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Twombly*, 550 U.S. at 555 (citation omitted).

To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012).

On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988) ). Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *see also Sinaltrainal*, 578 F.3d at 1260 ("[U]nwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [a] plaintiff's allegations." (alterations added; internal quotation marks omitted) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005); other citation omitted) ). Moreover, when a Plaintiff is *pro se*, a court construes the complaint more liberally than if it had been drafted by a lawyer. *See Abele v. Tolbert*, 130 Fed.Appx. 342, 343 (11th Cir. 2005).

The scope of review on a motion to dismiss under Rule 12(b)(6) is limited to the four corners of the complaint. *See Speaker v. U.S. Dep't of Health and Human Servs. Ctrs.*

*for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citation omitted). But where a plaintiff refers to certain documents in the complaint central to his claim, those documents are considered part of the pleading for the purpose of resolving a motion to dismiss. *See Brooks*, 116 F.3d at 1369 (citation omitted). The court " 'may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.' " *Speaker*, 623 F.3d at 1379 (quoting *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); other citation omitted). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (alteration added; internal quotation marks and citations omitted).[4]

### III. DISCUSSION

#### A. Whether Equifax is a CRA

**\*4** Defendants move to dismiss Plaintiff's claim against Equifax, contending Equifax is not a CRA under the FCRA. (*See* Mot. 4–11).

> The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*Rodriguez v. Universal Prop. & Cas. Ins. Co.*, No. 16-60442, 2016 WL 8678879, at \*4 (S.D. Fla. Aug. 19, 2016) (citing 15 U.S.C. § 1681a(f) ).

Defendants rely on multiple federal court decisions holding Equifax is not a CRA. (*See* Mot. 5–7 (citing cases) ). Defendants also assert Equifax is not a CRA because Equifax is the parent holding company of EIS and the Consumer Financial Protection Bureau confirms the address listed on Plaintiff's letter is that of EIS, not Equifax. (*See* Reply 2). Defendants also note Plaintiff fails to cite a single decision holding Equifax is a CRA. (*See id.* 2–3).

Plaintiff alleges Equifax is a CRA. (*See* Am. Compl. ¶¶ 6–8). He argues at a minimum discovery is necessary to determine whether Equifax is a CRA, noting the cases on which Defendants rely were decided at summary judgment. (*See* Resp. 4–5 (citing cases) ).

Plaintiff pleads facts sufficient to show Equifax is a CRA at this phase of the litigation. Again, Plaintiff alleges he submitted two requests for his full consumer file disclosures to Equifax and received responses from Equifax. (*See* Am. Compl. ¶¶ 22–23, 28, 31). Plaintiff further alleges Equifax operates as a seller of credit report information. (*See id.* ¶¶ 7–8). Plaintiff has thus adequately stated Equifax has for "monetary fees ... regularly engage[d] in ... the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties...." ( 15 U.S.C. § 1681a(f) (alterations added) ).

As Plaintiff points out, every case on which Defendants rely in support of this argument was decided at summary judgment. (*See* Resp. 5 (citing cases) ). For example, in *Ransom v. Equifax, Inc.*, the court held Equifax was not a CRA, relying on the declaration of one of Equifax's corporate officers—evidence reviewable at summary judgment, but not on a motion to dismiss. No. 09-80280-CIV, 2010 WL 1258084, at \*3 (S.D. Fla. Mar. 30, 2010) ("The [corporate officer's] declaration establishes that Equifax, Inc. is not a consumer reporting agency." (alteration added) ).

Plaintiff relies on *Jones v. Equifax* (*see* Resp. 5), in making his request he be allowed to propound discovery to assist in resolving whether Equifax is a CRA. *See* No. 3:14cv678, 2015 WL 5092514, at \*4 n.11 (E.D. Va. Aug. 27, 2015) (rejecting the argument on a motion to dismiss that Equifax is not a CRA, reasoning "every decision cited by Equifax, Inc. was rendered at the summary judgment stage" and the declarations of Equifax's corporate officers "necessitate dismissal of this claim" because those "additional documents on the record further demonstrate[ ] the propriety of deciding this issue at summary judgment...." (alterations added; citations omitted) ).

**\*5** Defendants argue *Jones* is inapposite because Plaintiff pleads facts establishing Equifax is not a CRA. (*See* Reply 2–3). The Court disagrees. In response to Plaintiff's request for his full consumer file disclosure, Equifax sent Plaintiff a letter thanking Plaintiff for "requesting [his] credit file, commonly called a Consumer Credit Report." (Am. Compl. ¶¶ 23, 31; *see also* Resp. Ex. 2). The letter provides a reasonable inference that Equifax is a CRA. *See, e.g.*, *Wikert v. Wells Fargo Bank, N.A.*, No. 3:11-cv-00786-J-37JRK, 2012 WL 333787, at \*3 (M.D. Fla. Feb. 1, 2012) ("Plaintiff attaches to the Complaint 'Credit Reports' from [defendant], which, at the very least, support a 'reasonable inference' that [defendant] is a CRA.... Therefore, the Court finds Defendant's Motion to dismiss is due to be denied.... Should Defendant have evidence that [it] is not a CRA, it may present it at a later stage of this litigation." (alterations added; citation omitted) ).

Plaintiff thus pleads sufficient facts to allow him to request discovery on whether Equifax is a CRA. *See, e.g.*, *Rodriguez*, 2016 WL 8678879, at \*5 (denying defendant's motion to dismiss contending plaintiff failed to allege defendant was a CRA because "at this stage the Court must accept the truth of Plaintiffs' plausible allegations and make all reasonable inferences in Plaintiffs' favor"); *Marricone v. Experian Info. Sols., Inc.*, No. 09-cv-1123, 2009 WL 3245417, at \*1 (E.D. Pa. Oct. 6, 2009) ("[F]actual discovery will help determine whether Defendants acted as CRAs in this case. Absent binding case law holding that [Defendants] are not CRAs as a matter of law, Plaintiff's allegations that Defendants operated as CRAs survives a 12(b)(6) motion to dismiss." (alterations added) ).

While Defendants' skepticism of Plaintiff's allegation Equifax is a CRA is well-founded, those concerns are more appropriately presented and resolved at summary judgment. Defendants' Motion seeking to dismiss Plaintiff's claim against Equifax on this basis is therefore denied.[5]

### B. Whether Plaintiff Pleads Facts Sufficient to Support a Claim for Relief

Defendants also seek to dismiss Plaintiff's claims on the basis Plaintiff fails to state facts sufficient to support a claim for relief under the FCRA. (*See* Mot. 11–16). In his Amended Complaint, Plaintiff alleges Defendants violated 15 U.S.C. section 1681g(a)(1) when they failed to furnish, upon his request, "a full consumer file disclosure of all information in their files...." (Am. Compl. ¶ 49 (alteration added) ). According to Plaintiff, Defendants "repeatedly refused to provide Plaintiff with his full consumer file disclosure after multiple requests" under section 1681g(a)(1). (*Id.* ¶ 41 (emphasis omitted) ). Defendants accuse Plaintiff of "merely recit[ing] in conclusory fashion that he did not receive a full consumer file disclosure" from Defendants, but instead received a credit report. (Mot. 11 (alteration added; citation omitted) ).

Defendants contend Plaintiff's claims must be dismissed because they gave Plaintiff exactly what he was entitled to under the FCRA—a full consumer file disclosure. (*See id.* 13–14). Defendants note a credit report, by definition, goes to a third party, and not a consumer (*see id.* 13). Thus, they state it is not possible for Plaintiff to have received a credit report, also known as a consumer report. (*See id.* 13–14). Plaintiff insists he received only a credit report while acknowledging the distinction between a credit report and a full consumer file disclosure. (*See* Resp. 16–17).

The parties correctly note the differences between a "file" and a "consumer report" under the FCRA. Indeed, there is an "important distinction in ... the difference in the FCRA's definitions of the terms 'consumer report' and 'file.' " *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1334 (11th Cir. 2015) (alteration added). "[T]he term 'file', when used in connection with information on any consumer, means all of the information on that consumer *recorded and retained by a consumer reporting agency* regardless of how the information is stored." *Id.* at 1334–35 (alteration added; emphasis in original) (quoting 15 U.S.C. § 1681(a)(g) ). "A file is simply the information [on a consumer] retained by a consumer reporting agency." *Id.* at 1335 (alteration added). A "consumer report," in contrast, is defined as "any written, oral, or other *communication* of any information by a consumer reporting agency bearing on a consumer's credit worthiness...." *Id.* at 1334 (quoting 15 U.S.C. § 1681a(d)(1) (alteration added; emphasis in original) ). "A 'consumer report' requires communication to a third party, while a 'file' does not." *Id.* at 1335 (citation omitted).

**\*6** Despite the legal distinction between a consumer "file" and a "consumer report," Plaintiff insists he received something less than his full consumer file disclosure. (*See* Resp. 17–19). Yet, according to Defendants, Plaintiff "offers speculative conclusions with no factual basis that information has been excluded from his consumer file." (Mot. 14). Defendants point to the "speculative nature of [Plaintiff's] statements" that "[o]ne can only surmise" and

the conclusory allegations Plaintiff makes '[u]pon information and belief.' (*Id.* (alterations added) (quoting Am. Compl. ¶¶ 38–39, 41, 47) ).[6]

While "information and belief" pleading can sometimes survive a motion to dismiss, a plaintiff must allege specific facts sufficient to support a claim. *See Zhejiang Dushen Necktie Co. v. Blue Med, Inc.*, No. 16-24679, 2017 WL 4119604, at *6 (S.D. Fla. Sept. 18, 2017) ("[T]he *Twombly* plausibility standard ... does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the belief is based on factual information that makes the inference of culpability plausible." (alterations added; internal quotation marks and citation omitted) ). "Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard." *Phoenix Entm't Partners, LLC v. Orlando Beer Garden, Inc.*, No. 6:616-cv-80-Orl-31DAB, 2016 WL 1567590, at *5 (M.D. Fla. Mar. 30, 2016) (quotation marks and citation omitted); *see also Barber v. Brasfield & Gorrie, Inc.*, No. 2:07-cv-00012-JEO, 2008 WL 11374390, at *4 (N.D. Ala. Aug. 7, 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) ).

The Court agrees with Defendants. Plaintiff fails to allege facts sufficient to support his claims Defendants failed to disclose his full consumer file disclosure. The Amended Complaint is replete with conclusory allegations, made upon Plaintiff's "information and belief," none of which are supported by any facts. Plaintiff merely alleges upon information and belief that the following types of information were missing from Defendants' disclosures: (1) "information that was previously shown in his credit reports and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of" (Am. Compl. ¶ 38); (2) "negative codes among other things that are provided to prospective creditors, insurers or employers" (*id.* ¶ 39); and (3) "far more information relating to Plaintiff in their files and databases including archived information" (*id.* ¶ 41).

*7 Plaintiff does not point to what information is actually missing from what he received from Defendants or what specific facts lead him to accuse Defendants of failing to meet their disclosure requirements under the FCRA. (*See generally id.*; *see also* Resp). In fact, Plaintiff admits he is not "making any claim whatsoever regarding information that HAS been provided to a third party...." (Am. Compl. ¶ 43 (emphasis in original; alteration added) ). Rather, he alleges he is unable to access all information in his full consumer file that "may have been at some time in the past provided to an unknown third party or MIGHT be provided at some time in the future to a third party and he is entitled by law to review and have access to for accuracy." (*Id.* (emphasis in original) ). The words "might" and "may" signal Plaintiff is speculating. Tellingly, he alleges "[o]ne can only surmise" the information Defendants share with third parties "must obviously contain information that the consumer has never seen and the consumer reporting agencies don't want him or her to see for some unknown reason." (*Id.* ¶ 47 (alteration added) ). Plaintiff simply claims after the recent hack of Equifax's database, he has "*reason to believe* that there was more information," all the while acknowledging he has no "direct knowledge" of the information his full consumer file disclosures might contain. (*Id.* ¶ 36 (emphasis added) ).

The speculative guesswork in the Amended Complaint renders the pleading incapable of withstanding a motion to dismiss. *See, e.g.*, *Davis v. Capital One Auto Fin.*, No. 1:17-CV-1706-WSD-WEJ, 2017 WL 9477694, at *4 (N.D. Ga. Aug. 18, 2017) ("Because the Amended Complaint merely speculates as to the possibility that defendant violated the FCRA and fails to present 'enough facts to raise a reasonable expectation that discovery will reveal,' unlawful conduct, that claim fails as a matter of law." (citation omitted) ); *Edwards v. Auto Showcase Motorcars of Palm Beach, LLC*, No. 09-80932-CIV, 2010 WL 1524289, at *2 (S.D. Fla. Apr. 14, 2010) (stating "the Complaint fails to allege or provide reasonably specific facts or occurrences sufficient to support a claim under the FCRA" and the plaintiff's "guess work does not provide a proper basis for bringing suit"); *Hinkle*, 2012 WL 681468, at *2–4 (concluding the amended complaint failed to satisfy *Twombly*'s pleading standard because its factual matter established nothing beyond speculation as to a violation of the FCRA).

The Amended Complaint thus fails to state facts sufficient to support the claims against Defendants.[7] Plaintiff must plead additional facts sufficient to support his claims alleging Defendants failed to provide his full consumer file disclosure.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Combined Motion to Dismiss **[ECF No. 46]** is **GRANTED**. The Amended Complaint **[ECF No. 37]** is **DISMISSED** without prejudice. Plaintiff has until July 12, 2018 to file an amended complaint, failing which the case will be dismissed. This deadline will not be extended.

**DONE AND ORDERED** in Miami, Florida, this 29th day of June, 2018.

Slip Copy, 2018 WL 3360754

**All Citations**

Footnotes

1   Defendant, Experian Information Solutions, Inc. filed a separate Answer and Defenses to Plaintiff's Amended Complaint [ECF No. 43] on April 30, 2018, and did not join Defendants' Combined Motion to Dismiss. Count I of the Amended Complaint directed against Experian Information Solutions is thus not addressed in this Order. The Court refers to Equifax, EIS, and Trans Union as the "Defendants."

2   The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

3   Defendants argue in its review of the Motion, the Court cannot consider any exhibits attached to Plaintiff's Response. (*See* Reply 6). The Court is allowed to consider exhibits attached to the Response so long as they were sufficiently referenced in the Amended Complaint. *See, e.g.*, *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[A] document need not be physically attached to a pleading to be incorporated by reference into it...." (alterations added) ). "[I]f the document's contents are alleged in a complaint and no party questions those contents, [a court] may consider such a document provided it meets the centrality requirement," which requires the document be "(1) central to the plaintiff's claim and (2) undisputed." *Id.* (alterations added; citations omitted). Here, the Amended Complaint sufficiently references Equifax's credit report as the response to Plaintiff's requests for a full consumer file disclosure. (*See generally* Am. Compl.). Defendants do not dispute the authenticity of the letter Plaintiff received from Equifax. Additionally, the letter is central to Plaintiff's Fair Credit Reporting Act ("FCRA") claims that Defendants failed to disclose his full consumer file disclosure. *See Valentine v. Legendary Marine FWB, Inc.*, No. 3:09cv334/MCR/EMT, 2010 WL 1687738, at *2 (N.D. Fla. Apr. 26, 2010) (noting "the fact that the referenced document was attached to the plaintiff's opposition to the motion to dismiss, instead of attached to the complaint ... presents no basis for" not considering the evidence on defendant's motion to dismiss (alteration added) ).

4   Defendants claim the Court should rely on the Rule 9 heightened pleading standard. (*See* Mot. 3–4, 15). Because Plaintiff does not allege fraud (*see generally* Am. Compl.), the Court reviews the FCRA claims under the Rule 8 pleading standard.

5   Plaintiff argues the Court may pierce Equifax's corporate veil and find it liable for its subsidiary, EIS's, FCRA violation. (*See* Am. Compl. ¶¶ 8–14; *see also* Resp. 5–10). Because Plaintiff adequately pleads Equifax is a CRA, the Court does not reach this argument.

6   Plaintiff argues Defendants could not have included everything contained in his full consumer file disclosure in a "disappointing 26 page file" given Plaintiff's request for documents from LexisNexis contained "280 pages of information." (Resp. 18; *see also id.*, Ex. 5, LexisNexis Report). The Court will not consider this exhibit in its review of Defendants' Motion, as Plaintiff did not reference this LexisNexis Report in his Amended Complaint. *See, e.g.*, *Lincoln Gen. Ins. Co. v. Stankunas Concrete, Inc.*, No. 3:10-cv-647-J-32TEM, 2011 WL 2893615, at *2 (M.D. Fla. July 20, 2011) ("The exception that allows the Court to consider documents not attached to the complaint does not apply when the [party] is requesting the Court [ ] utilize documents not referenced in the complaint." (alterations added; citation omitted) ). In any event, the document does not shed light on what information is actually missing from what Defendants provided Plaintiff in response to Plaintiff's request for his full consumer file disclosure.

7   Defendants also argue Plaintiff's claims must be dismissed because a "consumer file" under the FCRA is "limited to material included in a consumer report that would be sent to a third party." (Mot. 12). Because the Court grants Defendants' Motion, it does not address this argument.