UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

U.S. District Court
Wisconsin Eastern

MAR 2 1 2019

FILED
Stephen C. Dries, Clerk

Brian G. Heyer
    *Plaintiff.*

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; EQUIFAX, INC.; EQUIFAX
INFORMATION SERVICES LLC
    *Defendants*

Case No. 1:19-cv-00015-WCG

Chief Judge William C. Griesbach

## PLAINTIFF S MOTION TO STRIKE DEFENDANT TRANS UNION'S AFFIRMATIVE DEFENSES AND MEMORANDUM IN SUPPORT

Plaintiff hereby moves this Court pursuant to F.R.C.P. 12(f) to strike Defendant Trans Union LLC's (Trans Union) Affirmative Defenses numbered One through Nine on the grounds that they are insufficient as they fail to state legal or factual defenses.

## MEMORANDUM

Plaintiff filed this lawsuit on January 8, 2019. On March 8, 2019 Defendant Trans Union filed an Answer and Affirmative Defenses to Plaintiffs Original Complaint.

## STANDARD OF REVIEW

Rule 12(f) provides that the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, upon a party's motion or *sua sponte*. Fed. R. Civ. P. 12(f). [B]ecause striking a portion of a pleading is a drastic remedy, and because it often is

1

sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted. *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) The Rule applies to complaints as well as affirmative defenses. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). *Woodfield* also articulated two additional points. First, a "fair notice" standard for pleading affirmative defenses which require enough specificity so that Plaintiff is not a victim of unfair surprise. Second, a "boilerplate" defense pleading is not sufficient under Federal Rule of Civil Procedure (8)(c).

The purpose of a motion to strike under Rule 12(f) is to test the legal validity of a defense. The motion to strike should be granted only if the insufficiency of the defense is clearly apparent. See *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). Therefore, to prevail on a motion to strike an insufficient defense, a plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law. See *EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).

## ANALYSIS AND ARGUMENT

**First Defense.** "Plaintiff has failed to state a claim against Trans Union upon which relief may be granted."

This First Defense is insufficient and unspecific boilerplate. Plaintiff's Complaint has specifically described the willful failure of Trans Union to provide the full consumer file disclosure as required by the plain text and intent of 15 U.S.C. § 1681g(a)(1). Plaintiff has established a **non-negligible probability** that the claim is valid. *In re Text Messaging Antitrust Litigation* 630 F.3d 622 (7th Cir. 2010), aff'd 782 F.3d 867, 869 (7th Cir. 2015).

The only "negligible" part of this action is the probability that, despite the Defendant boasting of collecting and selling "actionable" information on over one billion people which does not appear on "credit reports" – such as healthcare and computer usage –, the Plaintiff is miraculously ***not*** among that billion.

**Second Defense.** "Trans Union's reports concerning Plaintiff were substantially true."

This is not a valid affirmative defense, and it has no basis whatsoever in light of the claims made. Plaintiff clearly states in his Complaint that his claims are based on Trans Union's failure to comply with 15 U.S.C. § 1681g(a)(l) by not providing his **full consumer file disclosure** after <u>multiple</u> proper and <u>specific</u> written requests for it. Plaintiff makes no claims whatsoever about the <u>accuracy of information</u> that was allegedly furnished to any other parties. This defense has no merit or relevance to the claims made and should be stricken.

**Third Defense.** "Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff."

This defense is frivolous boilerplate and unrelated to the complaint. This action involves neither any request for a "credit report" nor the accuracy of information therein. [Doc 1, ¶ 45-47.]

**Fourth Defense.** "At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law."

This defense is conclusory, lacks specificity, and it plainly does not meet the "fair notice" grounds of *Woodfield*.

**Fifth Defense.** "Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches."

Defendant asserts this with no facts in support. Plaintiff brought his claim within the statute of limitations for the Defendant's violations which occurred by their willful failure to provide the full consumer file disclosure. "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989). Furthermore, broad affirmative defenses such as waiver, estoppel, or unclean hands may be

3

stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests. See *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004). This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* as well and should be stricken.

**Sixth Defense.** "Plaintiff has failed to take reasonable steps to mitigate his damages, if any."

Failure to mitigate is not a defense to an award of statutory damages. This is not a valid affirmative defense given the claims made and should be stricken, because it has no basis in law or in any recognized legal theory. Plaintiff clearly articulated his efforts to mitigate damages when he sent his second and final request for his full consumer file disclosure after Trans Union failed to properly respond to his first request. Each request was sent via certified mail, return receipt requested.

**Seventh Defense.** "Plaintiff's damages are the result of acts or omissions committed by Plaintiff."

Defendant once again brings a defense in a conclusory fashion and fails to describe any alleged conduct by Plaintiff that could possibly under any conceivable set of circumstances have caused the damages suffered by him. "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989). Broad affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests. See *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004). This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* as well and should be stricken.

**Eighth Defense.** "Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control."

This Defense establishes the benchmark for frivolity. The only other party involved in these events

4

between the Plaintiff and Defendant is the United States Postal Service (USPS), and even then solely in their duties to transport documents between the Plaintiff and Defendant. It is an abuse of civic order for a corporation as invasive as the Defendant is to assert that Plaintiff acted negligently bu using the USPS in order to make information requests authorized by statute. "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989). Broad affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests. See *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004). This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* as well and should be stricken.

**Ninth Defense.** "Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control."

By trying to distinguish "other parties" in the Eighth Defense and "non-parties to this action" with the Ninth Defense, Trans Union seems to try to throw the other Consumer Reporting Agencies (e.g. Equifax Inc, Equifax Information Services LLC, and Experian Information Solutions Inc.) right under the bus.

The only other party involved in these events between the Plaintiff and Trans Union is the United States Postal Service (USPS), and even then solely in their duties to transport documents between the Plaintiff and Defendant. "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989). Broad affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving

5

plaintiff a fair notice of the grounds upon which the defense rests. See *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004). This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* as well and should be stricken.

## CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiff requests this Honorable Court strike Defendant's Affirmative Defenses numbers One through Nine and for any other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Brian G. Heyer*

Brian G. Heyer
W6786 Sunnyvale Ln, Greenville, WI 54942-8695
(920) 710-0171   heyerstandards@gmail.com

# CERTIFICATE OF SERVICE

The undersigned certifies that a true cope of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on March 20, 2019.

Marie G Bahoora
Michael Best & Friedrich LLP
100 E Wisconsin Ave - Ste 3300
Milwaukee, WI 53202-4108


Michelle L Dama
Michael Best & Friedrich LLP
Firstar Plaza
1 S Pinckney St - Ste 700
PO Box 1806
Madison, WI 53701-1806


J Robert Weyreter
Justin T Walton
Katherine E Carlton Robinson
Schuckit & Associates PC
4545 Northwestern Dr
Zionsville, IN 46077


Meryl W. Roper
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309

Dated March 20, 2019

_____
Brian G. Heyer