UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

**BRIAN G. HEYER,**

  **Plaintiff,**

 v.          Case No.: 1:19-cv-00015-WCG

**EXPERIAN INFORMATION
SOLUTIONS, INC., ET AL.,**

  **Defendants.**

**DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Brian Heyer's claim that Defendants Experian Information Solutions, Inc. ("Experian"), Equifax, Inc., and Equifax Information Services LLC ("EIS" and, together with Equifax, Inc., "Equifax") willfully violated 15 U.S.C. § 1681g is fatally flawed for three reasons. The Court should dismiss Plaintiff's Complaint with prejudice and enter judgment for Defendants.

*First*, the allegations in the Complaint do not cross the line from possible to plausible. Plaintiff concedes that he has no direct knowledge of the information in Defendants' files and alleges only that there *may* be information in Defendants' files that *might* be provided to third parties in the future. Analyzing materially-identical allegations, at least three district courts have dismissed similar allegations as unduly speculative.

*Second*, the Complaint does not plausibly allege that Defendants willfully violated § 1681g by contravening clearly established law. Binding Seventh Circuit precedent interpreting

§ 1681g holds that consumers are entitled to the information contained in their consumer reports to third parties at the time of the request, not their entire files in whatever form maintained by the credit reporting agency ("CRA"). Since Plaintiff does not allege that his consumer disclosures lacked any information that is being or has been reported to third parties, his claim under § 1681g necessarily fails.

***Third***, Plaintiff lacks standing to sue because the Complaint alleges a bare procedural violation of § 1681g divorced from any concrete harm. A plaintiff lacks standing to sue under § 1681g unless the alleged violation made a difference in the fairness or accuracy of his credit report. Yet Plaintiff makes no claim that the information purportedly missing from his consumer disclosure is being provided to third parties in a credit report. In that event, Plaintiff cannot plausibly maintain that Defendants' alleged violation jeopardized the fairness or accuracy of his credit report, and the requisite element of standing is lacking.

## II. ARGUMENT

### A. The Complaint Fails to State a Plausible Claim for Relief.

Plaintiff's Complaint should be dismissed because it does not plausibly allege that any of the defendants violated 15 U.S.C. § 1681(g)(1).

The allegations in Plaintiff's Complaint are identical, in material respects, to allegations recently filed under § 1681g by several *pro se* litigants. For example, Plaintiff alleges, upon "information and belief," that Defendants have more information relating to him in their files than has been disclosed. ECF No. 1 ¶ 42. Plaintiff concedes he has "no direct knowledge" of the "specific information" that "might be" in Defendants' files. *Id.* ¶ 40. And Plaintiff alleges he "clearly is not making any claim regarding information that **HAS** been provided to a third party that he is aware of"; rather, his claim is based on the possibility that certain information "may

2
Case 1:19-cv-00015-WCG   Filed 04/15/19   Page 2 of 10   Document 22

have been at some time in the past provided to an unknown third party or **MIGHT** be provided at some time in the future…." *Id.* ¶ 47 (emphasis in original).

Assessing identically-worded allegations, a slew of courts have held that "[t]he speculative guesswork in the Complaint renders the pleading incapable of withstanding a motion to dismiss." *Scott v. Experian Info. Sols., Inc.* [ECF No. 17-6], 2018 WL 3360754, at *7 (S.D. Fla. June 29, 2018); *see also Erien Frazier v. Experian Info. Sols.*, 2018 WL 6726311, at *7-8 (D. Md. Dec. 21, 2018); *Joahn Frazier v. Experian Info. Sols., Inc.* [ECF No. 17-2], 2018 WL 3785131, at *6 (D. Md. Aug. 9, 2018).

The words "might" and "may" in Plaintiff's Complaint "signal Plaintiff is speculating." *Scott*, 2018 WL 3360754 [ECF No. 17-6], at *7. The speculative nature of Plaintiff's Complaint is confirmed by the allegation that he can only "assum[e]" his file contains information he "has never seen and the consumer reporting agencies don't want [him] to see for some unknown reason." ECF No. 1 ¶ 51; *Scott*, 2018 WL 3360754 [ECF No. 17-6], at *7. Plaintiff "simply claims … he has '*reason to believe*'" that more information exists in his credit file, "all the while acknowledging he has no 'direct knowledge' of the information his full consumer file disclosures might contain." *Scott*, 2018 WL 3360754 [ECF No. 17-6], at *7; ECF No. 1 ¶ 40.

Plaintiff urges this Court to reach a different result because a plaintiff is not obligated "to state all facts and prove his case at the pleading stage." ECF No. 19 at 4. But that contention misapprehends the defect in his Complaint. To be sure, proof is not required at the pleading stage. However, federal law *does* require factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And as courts confronted with identical allegations have held, Plaintiff's Complaint lacks "'specific factual allegations'" establishing that Defendants "'fail[ed] to meet their disclosure requirements

3
Case 1:19-cv-00015-WCG   Filed 04/15/19   Page 3 of 10   Document 22

under the FCRA.'" *Frazier*, 2018 WL 3785131 [ECF No. 17-2], at *6 (quoting *Scott* [ECF No. 17-6], 2018 WL 3360754 [ECF No. 17-6], at *7).

Because Plaintiff's mere "surmise" (ECF No. 1 ¶ 51) does not amount to plausibility, the Complaint is fatally speculative and should be dismissed with prejudice.

    **B.    The Complaint Does Not Allege Any Facts Supporting the Claim that Defendants Willfully Violated the Fair Credit Reporting Act.**

Putting aside the implausibility of Plaintiff's allegations, the Complaint fails to allege that Defendants ***willfully*** violated § 1681g, *i.e.*, by violating clearly established law. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69-70 (2007).

To act willfully under the FCRA, a defendant must knowingly and intentionally violate the FCRA, and it must also be conscious that its act impinges on the rights of others.[1] *See Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 610 (7th Cir. 2005). Plaintiff argues that willfulness is always a fact question for the jury. ECF No. 19 at 4. But the law is to the contrary. *See Matson v. Edfinancial Servs. LLC*, 2015 WL 5010515, at *9 (E.D. Wis. Aug. 21, 2015) (noting that willfulness under 15 U.S.C. § 1681n is not necessarily a jury question) (collecting cases). To survive a motion to dismiss, the complaint must contain factual allegations indicating that the defendant knowingly violated the FCRA. *See, e.g.*, *Eisberner v. Discover Prod., Inc.*, 921 F. Supp. 2d 946, 949 (E.D. Wis. 2013).

Plaintiff's Complaint utterly fails in this regard. The crux of Plaintiff's claim, in his own words, is that Defendants knowingly violated the FCRA because § 1681g obligates the

---

[1] Relying on *Singleton v. Domino's Pizza*, 2012 WL 245965 (D. Md. Jan. 25, 2012), Plaintiff argues that awareness of the FCRA plus non-compliance equals willfulness. ECF No. 19 at 5. But Seventh Circuit precedent is clear that mere awareness of the FCRA's ***existence*** is not sufficient. Rather, the defendant must intentionally impinge on the plaintiff's rights by knowingly violating a requirement of the FCRA. *See, e.g.*, *Wantz v. Experian Info. Sols.*, 386 F.3d 829, 934 (7th Cir. 2004).

defendants to disclose "all information in [Plaintiff's] consumer file, **whether or not** the CRAs happen to select it for inclusion in the 'credit reports' provided to Plaintiff or sold to others." ECF No. 19 at 6 (emphasis added). That theory, however, runs head first into binding Seventh Circuit precedent.

"[T]he only relevant guidance" interpreting § 1681g(a)(1) dictates "that consumers are entitled to 'complete copies of their consumer reports, not their entire files in whatever form maintained by the CRA.'" *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 761 (9th Cir. 2018) (quoting *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007)). Under *Gillespie*, a claim under § 1681g fails unless the plaintiff makes "some showing" that the CRA failed to disclose to the consumer information that also is contained in a consumer report to third parties. 482 F.3d at 909.[2]

Plaintiff's claim fails under *Gillespie* because he "clearly is not making any claim regarding information that **HAS** been provided to a third party." ECF No. 1 ¶ 47. Plaintiff effectively invites this Court to depart from cases like *Gillespie* and *Shaw*, and hold that a full-file disclosure must include more than what is reported to third parties on a credit report. ECF No. 19 at 6-7. But even if this Court could disregard binding Seventh Circuit precedent, Plaintiff cannot establish *willfulness* simply by arguing that *Gillespie* and *Shaw* were wrongly decided. To prove that Defendants acted willfully, Plaintiff must show that clearly established law

---

[2] Plaintiff misreads the Third Circuit's opinion in *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010), as holding that § 1681g requires CRAs to disclose information even if it is not included in a credit report to third parties. ECF No. 19 at 6. In fact, *Cortez* adopted *Gillespie*, holding that the disclosure obligation set forth in § 1681g is limited to "all information furnished or that might be furnished in a consumer report." 617 F.3d at 711.

Plaintiff also invokes *Goode v. LexisNexis Risk & Information Analytics Group, Inc.*, 848 F. Supp. 2d 532 (E.D. Pa. 2012), which construed § 1681g more broadly than *Gillespie*. ECF No. 19 at 6-7. But of course, *Gillespie* "is binding authority on this Court"; *Goode* is not. *Rosco v. Equifax Info. Servs., Inc.*, 2015 WL 5613203, at *5 (N.D. Ind. Sept. 24, 2015).

affirmatively required Defendants to include outdated information in his disclosure, even though it was not being reported to third parties at the time of the request. On this determinative issue, the *only* relevant guidance makes clear that § 1681g does not require CRAs to disclose more than the information in a consumer's credit reports. Since Plaintiff does not allege that his consumer disclosures lacked information provided to third parties in credit reports at the time of his requests, his willfulness claim necessarily fails.

In his opposition, Plaintiff argues (for the first time) that he received a report from a third party—National Consumer Telecom & Utilities Exchange—containing information about his telephone service billing, which is missing from Defendants' consumer disclosures. ECF No. 19 at 7. But that argument is missing from the allegations in Plaintiff's Complaint. A plaintiff cannot amend his complaint through arguments in his brief in opposition to a motion to dismiss. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Nor should Plaintiff be provided with the opportunity to amend his Complaint. The mere fact that another CRA—of which there are many—collects information about Plaintiff's telephone bills is not enough to salvage his claim.[3] Plaintiff does not argue (let alone allege) that

---

[3] In his opposition, Plaintiff relies on one sentence from the National Consumer Telecom & Utilities Exchange ("NCTUE") website to argue that Equifax has a duty under § 1681g to provide information from the NCTUE database: "The NCTUE database is housed and managed by Equifax Information Services, LLC." ECF No. 19 at 7.

Even accepting the quoted sentence as true, Plaintiff's argument does not advance his claim for two reasons. *First*, Plaintiff does not allege that Equifax and NCTUE are the same entity. *See* ECF No. 19. Indeed, NCTUE's website makes clear it is ***not*** the same entity as Equifax: "The database does not include Equifax credit information, and Equifax is not a member of NCTUE." (https://www.nctue.com/about-us (last accessed April 10, 2019)).

*Second*, Plaintiff concedes that he obtained a disclosure from NCTUE disclosing the information contained in his NCTUE file. ECF No. 19 at 7. Similarly, Plaintiff concedes that he obtained a disclosure from The Work Number ("TWN") disclosing the information contained in his TWN file. ECF No. 19 at 8. Thus, accepting Plaintiff's allegations and arguments as true, § 1681g worked as intended: Equifax disclosed the information in his Equifax file to him upon his request, NCTUE disclosed the information in his NCTUE file to him upon his request, and

Defendants' consumer reports to third parties contain information about Plaintiff's telephone service billing. In the absence of a plausible allegation that Defendants possess Plaintiff's telephone billing information and have furnished or might furnish this information in a consumer report, Plaintiff's newfound argument fails. *Gillespie*, 482 F.3d at 909.

### C. Plaintiff Lacks Standing Because the Complaint Does Not Allege a Concrete Injury.

Finally, the Court should grant Defendants' motion because Plaintiff's allegations and opposition make clear that the Complaint claims a mere technical statutory violation that has caused him no real-world harm.

To have standing, a plaintiff must plausibly allege that the defendant's purported violation of 15 U.S.C. § 1681g(a) made a difference in the fairness or accuracy of his credit report. *Dreher v. Experian Information Solutions, Inc.*, 856 F.3d 337, 346 (4th Cir. 2017) (applying *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) to claim under § 1681g).

As in *Dreher*, Plaintiff's Complaint and opposition fail to show how receiving a consumer disclosure that included information that Plaintiff does ***not*** allege "**HAS** been" or is being provided to a third party (ECF No. 1 ¶ 47), "would have made any difference at all in the 'fair[ness] or accura[cy]' of his credit report." *Dreher*, 856 F.3d at 346.

Without explaining how Defendants' alleged misconduct made any difference in the fairness or accuracy of his credit report, Plaintiff argues that a consumer need prove nothing more than that an FCRA requirement is violated to have standing. ECF No. 19 at 12. Of course, the Supreme Court answered this assertion directly in *Spokeo*, holding that a plaintiff does not

---

TWN disclosed the information in his TWN file to him upon his request. *Id.* Accordingly, Plaintiff has no informational injury because he received the information in his Equifax file from Equifax, he received the information in his NCTUE file from NCTUE, and he received the information in his TWN file from TWN. *See* ECF No. 19.

"automatically satisf[y] the injury-in-fact requirement whenever a statute grants [her] a statutory right and purports to authorize [her] to sue to vindicate that right." 136 S. Ct. at 1549.

Plaintiff also maintains that the deprivation of information, standing alone, is sufficient to confer standing. ECF No. 19 at 10. Yet Plaintiff cites no post-*Spokeo* case law adopting his categorical position. Plaintiff relies most heavily on the magistrate judge's decision in *Hinkle v. Experian Information Solutions* (ECF No. 19 at 14-22), but that decision did not address standing at all.

*Dreher*, on the other hand, expressly addressed an "informational injury" post-*Spokeo*, and held that "a constitutionally cognizable informational injury requires that a person lack access to information to which he is legally entitled *and* that the denial of that information creates a 'real' harm with an adverse effect." *Dreher*, 856 F.3d at 345 (emphasis in original). *Dreher* is consistent with Seventh Circuit law, which recognizes that the FCRA's disclosure obligations are "closely tied to FCRA's overarching goals" in ensuring accurate credit reporting, and that the plaintiff must allege facts "demonstrating a real, concrete appreciable risk of harm." *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887, 889 (7th Cir. 2017).

Here, Plaintiff does not allege a real, concrete risk of harm because he does not plausibly allege that Defendants failed to disclose information provided to third parties in a consumer report. Put simply, even if Defendants did fail to disclose to Plaintiff information in their files, there is no risk to the fairness or accuracy of Plaintiff's credit report if that information is not provided to third parties, as Plaintiff alleges.

### III. CONCLUSION

For these reasons, the Court should dismiss Plaintiff's Complaint with prejudice.

Dated: April 15, 2019                                  Respectfully submitted,


                                                       /s/ Marie G. Bahoora
                                                       Michelle L. Dama
                                                       Marie G. Bahoora
                                                       MICHAEL BEST & FRIEDRICH LLP
                                                       100 E Wisconsin Ave – Ste. 3300
                                                       Milwaukee, WI 53202-4108
                                                       Telephone: +1.414.271.6560
                                                       Facsimile: +1.414.277.0656
                                                       Email: mgbahoora@michaelbest.com
                                                       Email: mldama@michaelbest.com

                                                       *Attorneys for Defendant*
                                                       *Experian Information Solutions, Inc.*


Dated: April 15, 2019                                  Respectfully submitted,


                                                       /s/ *Meryl R. Roper*
                                                       Meryl W. Roper
                                                       King & Spalding LLP
                                                       1180 Peachtree Street NE
                                                       Atlanta, GA 30309
                                                       (404) 572-4600 (tel)
                                                       (404) 572-5100 (fax)
                                                       mroper@kslaw.com

                                                       *Attorneys for Equifax Information Services*
                                                       *LLC and Equifax Inc.*

# CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a true and correct copy of the foregoing document by ECF, which will send notification of such filing to the following attorneys of record:

Meryl W Roper
King & Spalding LLP
1180 Peachtree St NE
Atlanta, GA 30309-3521

J Robert Weyreter
Justin T Walton
Katherine E Carlton Robinson
Schuckit & Associates PC
4545 Northwestern Dr
Zionsville, IN 46077

I further certify that I have sent a copy of the foregoing document via Federal Express to:

Brian G Heyer
W6786 Sunnyvale Ln
Greenville, WI 54942-8695


Dated: April 15, 2019

MICHAEL BEST & FRIEDRICH LLP

*/s/ Marie G. Bahoora*
Marie G. Bahoora
*Attorney for Defendant Experian Information Solutions, Inc.*