# EXHIBIT 1

2018 WL 6726311
Only the Westlaw citation is currently available.
United States District Court, D. Maryland.

Erien Lois FRAZIER, Plaintiff,
v.
EXPERIAN INFORMATION
SOLUTIONS, et al., Defendants.

Civil Action No. GLR-18-68
|
Signed 12/21/2018

**Attorneys and Law Firms**

Erien Lois Frazier, Hagerstown, MD, pro se.

Jon G. Heintz, Jones Day, Washington, DC, Robert J. Schuckit, Schuckit & Associates, P.C., Zionsville, IN, Nathan Daniel Adler, Neuberger Quinn Gielen Rubin and Gibber PA, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

George L. Russell, III, United States District Judge

**\*1** THIS MATTER is before the Court on three Motions: Defendants Equifax Inc.'s ("Equifax") and Equifax Information Services LLC's ("EIS") (collectively, the "Equifax Defendants") Motion to Dismiss First Amended Complaint and Brief in Support of Motion (ECF No. 19); Plaintiff Erien Lois Frazier's ("Erien") [1] Motion for Leave to File Second Amended Complaint and Memorandum of Law in Support (ECF No. 24); and Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Transfer Related Case (ECF No. 29). [2] The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D. Md. 2018). For the reasons outlined below, the Court will grant Equifax Defendants' Motion, grant Erien's Motion, and deny Experian's Motion.

### I. BACKGROUND [3]

On September 14, 2017, Erien sent Equifax [4] a written request for "ALL INFORMATION in [her] consumer file." (1st Am. Compl. ¶ 25, ECF No. 16; Compl. Ex. D, ECF No. 1-5). In Response, Equifax sent her a "credit report," which was "not responsive to her request." (1st Am. Compl. ¶ 26). After receiving a response from Equifax that "did not comply with the request made," Erien sent Equifax a "second and final request for a **full consumer file disclosure**" on October 11, 2017. (Id. ¶ 31; Compl. Ex. G, ECF No. 1-8). In response to this request, Equifax again sent her a "credit report" that was "not responsive to her request." (1st Am. Compl. ¶ 34; Pl.'s Opp'n Defs.' Mot. Dismiss ["Pl.'s Opp'n"] Ex. A, ECF No. 21-1). She asserts that Equifax's file on her contains "substantial information relating to [her] ... that has not been disclosed to her." (1st Am. Compl. ¶ 40).

**\*2** On January 9, 2018, Erien, proceeding pro se, filed the present action against Equifax, Experian, and Trans Union LLC ("Trans Union"). (ECF No. 1). Equifax filed a Motion to Dismiss Plaintiff's Complaint on March 12, 2018. (ECF No. 13). In response, Erien filed a First Amended Complaint (the "Amended Complaint") on April 2, 2018, which added EIS as a Defendant. (Mar. 29, 2018 Ltr., ECF No. 16-3). In her three-Count Amended Complaint, Erien alleges that Defendants violated the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681g(a)(1) (2018). (1st Am. Compl. ¶¶ 52–63). Erien seeks statutory damages, attorney's fees, and costs from each Defendant. (Id. at 12–13).

Equifax Defendants now move to dismiss the claims against them. (ECF No. 19). On May 7, 2018, Erien filed an Opposition. (ECF No. 21). Equifax Defendants filed a Reply on May 21, 2018. (ECF No. 22). [5]

On August 17, 2018, Erien filed a Motion for Leave to File Second Amended Complaint and Memorandum of Law in Support. (ECF No. 24). Equifax Defendants filed an Opposition on August 31, 2018. (ECF No. 28). To date, the Court has no record that Erien filed a Reply.

On November 1, 2018, Experian filed a Motion to Transfer Related Case. (ECF No. 29). To date, the Court has no record that any of the parties filed an Opposition.

### II. DISCUSSION

#### A. Motion to Transfer Related Case

EXHIBIT 1

Experian requests that the Court transfer this case to the judge that is presiding over Joahn Barron Frazier v. Experian Information Solutions Inc., et al., No. 18-067-JKB (D. Md. closed Nov. 30, 2018), because it is a related case.

Local Rule 103.1.b.i provides that a plaintiff may designate a case as related to another case or cases "previously decided or pending" if, in relevant part, they: (1) "arise from the same or identical transactions, happenings, or events"; (2) "involve the identical parties or property"; or (3) "for any other reason would entail substantial duplication of labor if heard by different judges." If the plaintiff does not designate a case as related to a prior case, defense counsel "shall bring that information to the attention of all parties and the Clerk." Local Rule 103.1.b.ii. Any disputes regarding whether a case is related to another case "shall be presented by motion to the judge to whom the new or later case has been assigned." Local Rule 103.1.b.iii.

Experian contends that the cases are related because "both Plaintiffs make the same factual allegations and assert the same causes of action against the same Defendants." (Mot. Transfer Related Case at 4, ECF No. 29). Experian maintains that having the same judge resolve both cases would prevent a duplication of effort and "would avoid inconsistent results." (Id.). While Experian raises valid points, the Court nevertheless declines to transfer this case for at least three reasons.

First, even though Joahn and Erien filed similar Complaints that bring the same causes of action against the same Defendants, they do not "arise from the same or identical transactions, happenings, or events." Local Rule 103.1.b.i.(1). Joahn and Erien sent separate correspondence to each Defendant and received separate responses. Second, the cases do not involve identical parties—Joahn and Erien are different plaintiffs. Moreover, because they are different individuals, they have their own distinct credit histories, and, as a result, different information that Defendants may have failed to disclose. Third, Experian's concerns over duplicating efforts and avoiding inconsistent outcomes are unwarranted. The Court has the benefit of this Court's opinions in Frazier to guide its decisions in this case.

**\*3** Thus, the Court concludes that a transfer is not warranted. Accordingly, the Court will deny Experian's Motion.

**B. Motion to Dismiss**

**1. Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) ). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D. Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) ), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Pro se pleadings, such as Erien's, are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) ); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Nonetheless, "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.' " Weller v. Dep't of Soc. Servs. for Balt., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985) ).

**2. Analysis**

*\*4* Equifax Defendants advance two main arguments for dismissing the First Amended Complaint: (1) Equifax is not a "consumer reporting agency" ("CRA") as defined under the FCRA; and (2) the First Amended Complaint fails to plead sufficient facts to state a claim under § 1681g of the FCRA. The Court addresses these arguments in turn.

**a. "Consumer Reporting Agency"**

Equifax Defendants maintain that Equifax is not a CRA as defined under the FCRA—EIS is.[6] Erien counters that Equifax is a CRA because, among other reasons, it has repeatedly presented itself to consumers and regulators as a CRA. Erien also contends that the cases Equifax Defendants cite for the proposition that Equifax is not a CRA were decided at the summary judgment stage, not at the motion to dismiss stage. The Court first addresses if it can determine whether Equifax is a CRA at this stage in the litigation.

Federal district courts typically decide whether a defendant is a CRA on "a motion for summary judgment, not through a motion to dismiss." Frazier v. Experian Info. Sols., Inc., No. JKB-18-0067, 2018 WL 3785131, at \*3 (D. Md. Aug. 9, 2018) (footnote omitted); see id. ("If Equifax has evidence that would refute the Court's conclusion, it may file a motion for summary judgment and present its evidence to the Court."); Scott v. Experian Info. Sols., Inc., No. 18-CV-60178-ALTONAGA/Seltzer, 2018 WL 3360754, at \*4–5 (S.D. Fla. June 29, 2018) (concluding that Equifax's argument that it is not a CRA is "more appropriately presented and resolved at summary judgment"); Jones v. Equifax, Inc., No. 3:14cv678, 2015 WL 5092514, at \*4 n.11 (E.D. Va. Aug. 27, 2015) (noting that "every decision" Equifax cited "was rendered at the summary judgment stage," and therefore "cannot provide persuasive support for the Defendants' position at the Motion to Dismiss stage"). Indeed, Erien correctly notes that the cases Equifax Defendants cite determined the defendant's status as a CRA at the summary judgment stage.[7] As a result, to survive a motion to dismiss on this basis, a plaintiff only needs to "plead sufficient facts" to permit the Court to draw "a reasonable inference that the defendant is a CRA." Frazier, 2018 WL 3785131, at \*3 (citing Scott, 2018 WL 3360754, at \*5).

*\*5* In Frazier, this Court compared Joahn's allegations that Equifax is a CRA to those in Scott. Id. This Court noted that in Scott, the U.S. District Court for the Southern District of Florida relied on three supporting facts in denying Equifax's motion to dismiss on the grounds that it is not a CRA. Id. The Scott plaintiff alleged that "he submitted two requests for his full consumer file disclosures to Equifax and received responses from Equifax" and that "Equifax operate[d] as a seller of credit report information." Id. (alteration in original) (citing Scott, 2018 WL 3360754, at \*4). In addition, the Scott plaintiff attached "a letter from Equifax sent in response to the plaintiff's request," which, standing alone, "provided 'a reasonable inference that Equifax is a CRA.' " Id. (citing Scott, 2018 WL 3360754, at \*5).

Comparing Joahn's allegations to those in Scott, this Court concluded that Joahn's factual support was sufficient "to overcome Defendants' motion to dismiss with respect to Equifax's contention that it is not a CRA." Id. In so doing, this Court relied on Joahn's assertion that she "sent two requests to Equifax and, in response to her second request, received a 'credit report' with 'the name "EQUIFAX" in big bold letters on the first page' of the report." Id. This Court noted that although Joahn had redacted the substance of the report she received from Equifax, the report, combined with her factual allegations, provided enough information to reasonably infer that Equifax is a CRA. Id. at \*3–4.

Here, as in Frazier and Scott, Erien alleges that she sent two written requests to Equifax, and received a "credit report which was not responsive to her request" in response to each. (Am. Compl. ¶¶ 23–26, 31, 34). Like Joahn alleged, Erien asserts that, in response to her requests, she received "a credit report with the name 'EQUIFAX' in big bold letters on the first page." Compare (Pl.'s Opp'n at 4, ECF No. 21), [8] with Frazier, 2018 WL 3785131, at *3 (noting that Joahn "received a 'credit report' with 'the name "EQUIFAX" in big bold letters on the first page' of the report"). Likewise, Erien provides a heavily redacted copy of the credit report she received in response to her second request. Compare (Pl.'s Opp'n Ex. A), with Frazier, 2018 WL 3785131, at *3. The report shows only Equifax's logo, its internet address, Erien's name and address, and indicates that it is "Page 1 of 18." (Pl.'s Opp'n Ex. A). [9] As in Frazier, it is reasonable to infer that this is the first page of a credit report Equifax sent to Erien. See Frazier, 2018 WL 3785131, at *3. Thus, Erien's factual averments, combined with the redacted copy of the report, are sufficient to survive Equifax's motion on the basis that it is not a CRA. [10] See id.; Scott, 2018 WL 3360754, at *4–5.

**\*6** Accordingly, to the extent Equifax moves for dismissal on the grounds that it is not a CRA, the Court will deny the Motion. [11]

### b. FCRA § 1681g

Equifax Defendants argue that Erien fails to plead sufficient facts to establish a claim under § 1681g of the FCRA. Specifically, Equifax Defendants assert that the First Amended Complaint lacks "any factual enhancement that specific information that should have been in the disclosure was missing." (Defs.' Mot. Dismiss 1st Am. Compl. ["Defs.' Mot."] at 13, ECF No. 19). Erien contends that the First Amended Complaint provides sufficient factual allegations to survive Equifax Defendants' Motion—namely, that she "properly requested her full consumer file disclosure, not a credit report, several times and [Equifax] Defendants failed to comply." (Pl.'s Opp'n at 8) (citation and emphasis omitted). Erien alleges "[u]pon information and belief" that there is "substantial information" pertaining to her in Equifax Defendants' files "that has not been disclosed to her." (1st Am. Compl. ¶ 40).

In the wake of Twombly and Iqbal, a complaint wholly based "upon information and belief" is "insufficient to defeat a motion to dismiss." Mann Bracken, LLP v. Exec. Risk Indemnity, Inc., Civ. No. DKC 15-1406, 2015 WL 5721632, at *7 (D. Md. Sept. 28, 2015) (quoting Harman v. Unisys Corp., 356 F.App'x 638, 640–41 (4th Cir. 2009) ). There is, however, a distinction to be drawn between complaints that use "upon information and belief" as an "inadequate substitute" for providing sufficient facts on the one hand, and properly using this phrase "where a plaintiff does not have personal knowledge of the facts being asserted" on the other. Malibu Media, LLC v. Doe, No. PWG-13-365, 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014) (quoting Lilley v. Wells Fargo N.A.) (In re Lilley), No. 10-81078C-13D, 2011 WL 1428089, at *3 (Bank. M.D.N.C. Apr. 13, 2011). When the plaintiff does not have personal knowledge, and employs "upon information and belief" with "specific factual allegations," it may be enough to survive a motion to dismiss. Frazier, 2018 WL 3785131, at *4 (quoting Doe v. Salisbury Univ., 123 F.Supp.3d 748, 768 (D. Md. 2015) ).

Frazier again guides the Court's decision with regard to this argument. In Frazier, this Court, comparing the plaintiff's allegations—based upon information and belief—to those in Scott, concluded that they lacked sufficient factual matter to overcome Equifax's motion to dismiss. 2018 WL 3785131, at *5–6. In reaching its conclusion, this Court noted several deficient allegations that were speculative and illustrated Joahn's lack of direct knowledge. First, Joahn alleged "[u]pon information and belief" that "there is substantial information relating to [her] that is contained in all Defendants' files that has not been disclosed to her." Id. at *5 (alterations in original) (quoting First Am. Compl. ¶ 34). She further alleged that she had "no direct knowledge" of the information about her contained in the defendants' files. Id. (quoting First Am. Compl. ¶ 32). Second, Joahn "speculate[d]" as to several omissions, including:

> **\*7** information that was previously shown in her credit reports that is now archived and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that she has never seen or has been made aware of [and]
>
> ... [information containing] negative codes among other things that are provided to prospective creditors,

insurers or employers which directly affect how that prospective creditor, insurer or employer would view the Plaintiff in terms of granting credit, rating insurance policies or providing employment or even providing housing.

Id. (quoting First Am. Compl. ¶¶ 34, 35). She also asserted that she had "not had access to all information in her full consumer file that may have been at some time in the past provided to an unknown third party or might be provided at some time in the future to a third party." Id. at *5–6 (quoting First Am. Compl. ¶ 39 (emphasis omitted) ). Finally, she pled,

> One can only surmise that there must be some nefarious reason why that information should not be provided to the consumer.... It obviously must contain information that the consumer has never seen, and the consumer reporting agencies don't want her to see it for some unknown reason.

Id. at *6 (quoting First Am. Compl. ¶ 43).

Ultimately, this Court concluded that Joahn's conclusory factual allegations based "upon information and belief" were not enough to permit it to infer that the defendants violated § 1681g(a)(1) of the FCRA. Id. In reaching its conclusion, this Court emphasized Joahn's admission that she had "no direct knowledge" of the content omitted from the defendants' files and use of the words "may" and "might," which indicated "speculation." Id.

In this case, the allegations contained in Erien's First Amended Complaint are exactly the same as those this Court deemed deficient in Frazier. Erien alleges "[u]pon information and belief" that there is "substantial information" pertaining to her in Equifax Defendants' files "that has not been disclosed to her." (1st Am. Compl. ¶ 40). Likewise, Erien concedes that she has "no direct knowledge" of the "specific information" that "might be" in Equifax Defendants' files on her. (Id. ¶ 38). Erien then lists verbatim the speculative omissions from Frazier detailed above. (Id. ¶¶ 40–41). [12] She also presents the same theory, word-for-word, that Equifax Defendants' have a "nefarious reason" for not providing the omitted information, (id. ¶ 48), and that such information "may have been at some time in the past provided to an unknown third party or might be provided at some time in the future to a third party," (id. ¶ 45). Like in Frazier, Erien does not set forth "specific factual allegations" which lead her to believe that Equifax Defendants failed to provide her information as required under the FCRA. Frazier, 2018 WL 3785131, at *6 (quoting Scott, 2018 WL 3360754, at *7). As a result, the Court cannot plausibly infer that Equifax Defendants violated § 1681g(a)(1) of the FCRA. Id.

*8 Thus, the Court concludes that the First Amended Complaint fails to state a claim. Accordingly, the Court will grant Equifax Defendants' Motion. The Court next considers whether to grant Erien leave to amend.

### C. Motion for Leave to File Second Amended Complaint

Erien requests leave of the Court to file a Second Amended Complaint that provides additional facts to "raise it above the assertion of presenting "conclusory allegations." [13] (Pl.'s Mot. Leave File 2d Am. Compl. ["Pl.'s Mot."] at 1, ECF No. 24).

There is a "federal policy in favor of resolving cases on the merits instead of disposing of them on technicalities." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 379 (4th Cir. 2012) (quoting Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009) ). To satisfy this policy, the court gives a plaintiff "every opportunity to cure formal defects in her pleading. This is true even though the court doubts that [the] plaintiff will be able to overcome the defects in his initial pleading." Ostrzenski v. Seigel, 177 F.3d 245, 253 (4th Cir. 1999) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 360–67 (2d ed. 1990) ). The court only denies leave to amend a complaint when "it appears to a certainty that [the] plaintiff cannot state a claim." Id. (quoting Wright & Miller, supra, § 1357). Indeed, "[t]he better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim." Id. (quoting Wright & Miller, supra, § 1357).

Consonant with the federal policy in favor of resolving cases on their merits, Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Justice does not require permitting leave to amend when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. See Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001) (citing Edwards, 178 F.3d at 242). "[D]elay alone is not sufficient reason to deny leave to amend." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

Furthermore, "[a]lthough there is nothing improper in shoring up a complaint's allegations to address deficiencies identified in a motion to dismiss, 'repeated failure to cure deficiencies by amendments previously allowed' is a sufficient basis to deny amendment of pleadings." Young v. Giant Food Stores, LLC, 108 F.Supp.3d 301, 323 (D. Md. 2015) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962) ); see Heavener v. Quicken Loans, Inc., No. 3:12-CV-68, 2013 WL 1314563, at *3 (N.D.W. Va. Mar. 26, 2013) (finding no prejudice when the plaintiff filed only one motion for leave to amend and had not exhibited a repeated failure to cure deficiencies in the complaint).

*9 Equifax Defendants contend that Erien's amendments are futile and are made in bad faith. The Court disagrees.

### 1. Futility

Leave to amend would be futile when an amended complaint could not survive a motion to dismiss for failure to state a claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510 (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) ); see TFFI Corp. v. Williams, No. DKC 13-1809, 2015 WL 5008708, at *2 (D. Md. Aug. 20, 2015) ("Although the viability of Plaintiff's claims will be tested by the anticipated dispositive motions, Plaintiff's motion for leave to amend alleges enough plausible facts against the remaining defendants to not be futile.").

Here, Erien asserts that she is "simply seeking to adequately present her allegations by appropriately addressing [Equifax Defendants'] claim that [she] failed to point to specific information in her file and therefore was presenting 'speculative guesswork'." (Pl.'s Mot. at 3). Erien's proposed amendments confirm this assertion. The proposed Second Amended Complaint alleges that information on "outdated and disputed federal loans" were in Equifax Defendants' files, and that this information "had been included in a conventional credit report she had received previously." (2d Am. Compl. ¶ 40, ECF No. 24-1). Erien further alleges that such information will "produce negative codes that can impact [her] ability to borrow." (Id. ¶ 43). Erien bolsters her allegations by providing reports from Trans Union that she received during a 2016 lawsuit against the company. (Frazier Aff. ¶¶ 5–6, ECF No. 24-3; Mot. Leave File Seal Exs. M, N, ECF Nos. 27-4, 27-5 (sealed) ). Erien avers that the information Trans Union provided "was more detailed than ordinary credit reports" and that "[her] belief" is that Equifax Defendants have "similar detailed consumer file information." (Frazier Aff. ¶¶ 6–7; see Mot. Leave File Seal Ex. N (sealed) ).

Equifax Defendants narrowly construe these amendments to relate only to information allegedly omitted from Trans Union's reports. As a result, Equifax Defendants argue, they "offer no factual support" for her allegations against them. [14] (Defs.' Opp'n at 6, ECF No. 28). The Court does not read Erien's amendments so narrowly.

Bearing in mind that pro se pleadings are construed liberally, the Court reads Erien's allegations to mean that Equifax Defendants' information on her contains the same erroneous student loan information as was in Trans Union's files. Indeed, Erien's amendment specifies the "substantial information" Defendants purportedly have in their files on her that is not disclosed in her credit reports. (See 2d Am. Compl. ¶ 40). Erien, therefore, provides "specific factual allegations" pertaining to the information Equifax Defendants purportedly omitted from the reports she received. See Frazier, 2018 WL 3785131, at *6 (quoting Scott, 2018 WL 3360754, at *7). Thus, Erien's proposed amendments are not futile.

### 2. Bad faith

**\*10** Equifax Defendants argue that the "timing, substance, and content" of Erien's Motion demonstrate that it is made in bad faith. (Defs.' Opp'n at 7). They highlight that Erien already amended her Complaint once in response to Equifax's first Motion to Dismiss. They further note that Erien filed her Motion eight days after the Frazier decision, after Equifax Defendants' second Motion to Dismiss was fully briefed, and eight months after she filed suit.

Here, the Court finds no evidence of delay. In any event, delay alone is not enough to deny Erien's Motion. Johnson, 785 F.2d at 509. As discussed above, many of the new factual allegations in Erien's proposed Second Amended Complaint attempt to remedy deficiencies Equifax Defendants identified in their Motion to Dismiss and that this Court addressed in Frazier. As long as Erien has not repeatedly failed to remedy deficiencies through amendments the Court previously allowed, there is nothing improper with Erien using her Second Amended Complaint to allege additional facts in response to Equifax Defendants' Motion to Dismiss. See Young, 108 F.Supp.3d at 323 (quoting Foman, 371 U.S. at 182). Because this is the first time Erien has moved for leave to amend, she has not repeatedly failed to remedy deficiencies, and she has not acted in bad faith, a motion for leave to amend may be used to shore up pleading deficiencies. Gomer v. Home Depot U.S.A., Inc., No. GLR-16-356, 2016 WL 5791226, at \*5 (D. Md. Oct. 4, 2016). Thus, the Court concludes that there is no evidence that Erien's amendments are made in bad faith.

In sum, Erien's proposed amendments allege sufficient facts to state a claim for a violation of § 1681g(a)(1) of the FRCA and are not taken in bad faith. Accordingly, the Court will grant Erien's Motion.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Equifax Defendants' Motion to Dismiss First Amended Complaint and Brief in Support of Motion (ECF No. 19), grant Erien's Motion for Leave to File Second Amended Complaint and Memorandum of Law in Support (ECF No. 24), and deny and Experian's Motion to Transfer Related Case (ECF No. 29). A separate order follows.

**All Citations**

Slip Copy, 2018 WL 6726311

Footnotes

1 Because the Court discusses, infra, a related case, in which the plaintiff has the same last name, Joahn Barron Frazier v. Experian Information Solutions Inc., et al., No. 18-067-JKB (D. Md. closed Nov. 30, 2018), the Court refers to Erien Frazier and Joahn Frazier by their first names to avoid confusion.

2 Also pending before the Court is Equifax's Motion to Dismiss Plaintiff's Complaint (ECF No. 13). Equifax filed this Motion on March 12, 2018. (ECF No. 13). In response, Erien filed a First Amended Complaint on April 2, 2018. (ECF No. 16). When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the original complaint is superseded. Venable v. Pritzker, No. GLR-13-1867, 2014 WL 2452705, at \*5 (D. Md. May 30, 2014), aff'd, 610 F.App'x 341 (4th Cir. 2015). Accordingly, the Court will deny the Motion as moot.
In addition, pending before the Court is Erien's unopposed Motion for Leave to Seal Exhibits D, G, I, M & N and Memorandum of Law in Support (ECF No. 26). In her Motion, Erien requests that the Court seal exhibits to her Motion for Leave to File a Second Amended Complaint because they contain personal financial information. Because the Exhibits contain sensitive personal financial information and Defendants do not oppose their sealing, the Court concludes that sealing is warranted. Accordingly, the Court will grant Erien's Motion.

3 Unless otherwise noted, the Court takes the following facts from Erien's First Amended Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). Though Erien makes the same allegations against each Defendant, the Court confines its discussion to the ones pertaining to Equifax Defendants.

4 In the Background section only, the Court uses "Equifax" to mean the entity to which Erien allegedly directed her requests. The Court expresses no opinion on whether her requests were directed at Equifax, EIS, or both.

5 On August 9, 2018, Equifax Defendants filed a Notice of Supplemental Authority. (ECF No. 23). The Notice informed the Court of an August 8, 2018 decision in Joahn Barron Frazier, No. 18-067-JKB. The Court considered this decision when deciding whether to grant or deny the pending dispositive Motions.

| | |
|---|---|
| 6 | Equifax Defendants also argue that Erien appears to allege that the corporate veil between Equifax and EIS should be pierced. Erien clarifies in her Opposition, however, that she is not proceeding under such a theory. (Pl.'s Opp'n at 6, ECF No. 21). Accordingly, the Court does not address this argument. |
| 7 | See Greear v. Equifax, Inc., No. 13-11896, 2014 WL 1378777, at *1 (E.D. Mich. Apr. 8, 2014) (granting summary judgment in favor of Equifax because "Equifax[ ] is not a consumer reporting agency subject to the requirements of the FCRA"); Channing v. Equifax, Inc., No. 5:11-CV-293-FL, 2013 WL 593942, at *2 (E.D.N.C. Feb. 15, 2013) (granting summary judgment in favor of Equifax because it "is not a CRA, but rather is a holding company which does not own, receive, store, maintain, process, or otherwise exercise control over plaintiff's consumer credit information"); Slice v. Choicedata Consumer Servs., Inc., No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005) (granting summary judgment in favor of Equifax because it "has not violated the FCRA as alleged because it is not a 'consumer reporting agency' and has not furnished or prepared a 'consumer report' on the plaintiff"). |
| 8 | Citations to Erien's Opposition refer to the pagination the Court's Case Management and Electronic Court Files ("CM/ECF") system assigned. |
| 9 | In general, a court may not consider extrinsic evidence when resolving a Rule 12(b)(6) motion. See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D. Md. 2011). A court may, however, consider documents referred to and relied upon in the complaint—"even if the documents are not attached as exhibits." Fare Deals Ltd. v. World Choice Travel.com, Inc., 180 F.Supp.2d 678, 683 (D. Md. 2001); accord New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am., 18 F.3d 1161, 1164 (4th Cir. 1994). Because Erien refers to and relies upon the credit report she received from Equifax in the Amended Complaint, the Court considers it is assessing Equifax Defendants' Motion. |
| 10 | Equifax Defendants also argue that there is a distinction between a "consumer report" and a "consumer file" under the FRCA. They contend that a "consumer report" is transmitted to a third party, while a "consumer file," by contrast, is sent to the consumer. As a result, Equifax Defendants argue, Erien necessarily received her consumer file because "the consumer, was the recipient." (Defs.' Mot. Dismiss 1st Am. Compl. at 12–13, ECF No. 19). Like in Frazier, the Court does not address Equifax Defendants' argument because regardless of how the reports Erien received are classified, she alleges that they did not comply with the FCRA's requirements. See Frazier, 2018 WL 3785131, at *4; see also Scott, 2018 WL 3360754, at *6 (noting that even though there is a "legal distinction between a consumer 'file' and a 'consumer report,' " the plaintiff "insists he received something less than his full consumer file disclosure"). |
| 11 | Erien also contends that Equifax is its subsidiaries' alter ego and, therefore, is a CRA. Because the Court concludes that Erien sufficiently pleads that Equifax is a CRA, is does not address this contention. |
| 12 | Erien alleges the following hypothetical omissions:<br>information that was previously shown in her credit reports that is now archived and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that she has never seen or has been made aware of [and]<br>negative codes among other things that are provided to prospective creditors, insurers or employers which directly affect how that prospective creditor, insurer or employer would view the Plaintiff in terms of granting credit, rating insurance policies or providing employment or even providing housing.<br>(1st Am. Compl. ¶¶ 40–41). |
| 13 | In her Motion, Erien states that Trans Union does not oppose her filing of a Second Amended Complaint and Experian did not respond to her request for consent. (Pl.'s Mot. Leave File 2d Am. Compl. at 1, ECF No. 24). |
| 14 | Equifax Defendants raise two additional futility arguments. First, they again argue that Erien requested and, in turn, received a full consumer file disclosure because she, the consumer, was the recipient. Second, they again contend that Equifax is not a credit reporting agency, and therefore, Erien's claims against Equifax fail as a matter of law. For the reasons discussed above, the Court rejects both of these arguments. |

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.