UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN G. HEYER,

        Plaintiff,

v.                                             Case No. 19-C-15

EXPERIAN INFORMATION SOLUTIONS INC., et al.,

        Defendants.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

Plaintiff Brian G. Heyer, who is proceeding *pro se*, filed a complaint against Defendants Experian Information Solutions, Inc. (Experian), Trans Union, LLC (Trans Union), Equifax Information Services, LLC, and Equifax, Inc. (latter two defendants jointly, Equifax), alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.* In particular, Heyer alleges that the defendants failed to provide him with a "full consumer file disclosure" in violation of § 1681g(a)(1). The court has jurisdiction under 28 U.S.C. § 1331. Presently before the court is Experian and Equifax's motion to dismiss the complaint. For the reasons stated below, Experian and Equifax's motion will be granted and the case will be dismissed for lack of jurisdiction.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise

a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts in the complaint as true and view them in a light most favorable to the plaintiff. *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 914–15 (7th Cir. 2015). "[P]*ro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## ALLEGATIONS OF THE COMPLAINT

Heyer's claims arise out of his attempt to exercise his statutory right under 15 U.S.C. § 1681g(a)(1), which states: "Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request . . . ." Heyer alleges that each of the defendants are or operate as consumer reporting agencies (CRAs) subject to the disclosure requirements of the FCRA. In September 2017, Heyer sent each of the defendants a written request asking that they send him "ALL INFORMATION in [his] consumer file" pursuant to § 1681g(a)(1). Dkt. No. 1-1 at 2, 4, 6. Experian and Equifax sent Heyer credit reports, while Trans Union sent a letter stating that Heyer requested a "credit report" and that Heyer's address was not in Trans Union's record.

Finding the defendants' responses deficient, Heyer sent follow-up requests, asking that each defendant provide him with his "***Full Consumer File Disclosure***" pursuant to § 1681g(a)(1). *Id.* at 11, 14, 17. In response to Heyer's second request, Experian and Equifax again sent credit reports

2

and Trans Union sent another letter.  Heyer then sent a third written request to Trans Union, asking once again for a full consumer file disclosure pursuant to § 1681g(a)(1).  This time, Trans Union sent a credit report.  According to Heyer, the defendants' responses were deficient and violated § 1681g(a)(1) because, "[u]pon information and belief, there is substantial information relating to the Plaintiff that is contained in all Defendants' files that has not been disclosed to him."  Dkt. No. 1 at ¶ 42.

In particular, Heyer identifies as being omitted from the defendants' responses "information that was previously shown in his credit reports that is now archived in addition to information that is provided to prospective creditors, insurers, or employers who request information on Plaintiff." *Id.*  He alleges that "information that is not disclosed to Plaintiff may contain negative codes or erroneous account information" that may affect how a "prospective creditor, insurer, or employer would view the Plaintiff." *Id.* at ¶ 43.  Heyer alleges that he "clearly is not making any claim regarding information that **HAS** been provided to a third party that he is aware of." *Id.* at ¶ 47.  Rather, "[t]he sole issue in this lawsuit revolves around the fact that he has not had access to ALL information in his **full consumer file** that may have been at some time in the past provided to an unknown third party or **MIGHT** be provided at some time in the future to a third party." *Id.*

Heyer alleges that, despite his multiple specific written requests to the defendants for a full consumer file disclosure pursuant to § 1681g(a)(1), the defendants failed to provide the full scope of information that § 1681g(a)(1) contemplates.  Heyer has therefore brought claims under § 1681g(a)(1) against the defendants.  For relief, Heyer seeks statutory damages of $1,000 for each violation.  *See* 15 U.S.C. § 1681n.

3

**ANALYSIS**

Experian and Equifax seek to dismiss Heyer's complaint on three independently sufficient grounds: (1) Heyer fails to state a plausible claim for relief; (2) Heyer fails to allege that the defendants willfully violated § 1681g(a)(1); and (3) Heyer lacks standing because he has not suffered concrete harm. As to the first ground, Experian and Equifax argue that Heyer's complaint does not cross the line from possibility to plausibility because it is purely speculative. *See Twombly*, 550 U.S. at 557. In response, Heyer argues that a complaint is a notice pleading and that, at this stage, he need not set forth evidence proving his claims.

Heyer is correct that he need not *produce* evidence in his complaint, but he must at least *allege* facts that allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. In other words, he must allege a plausible as opposed to merely a possible right to relief. *See Twombly*, 550 U.S. at 557. "Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence . . . ." *Id.* at 556. "[N]aked assertion[s]" devoid of further factual enhancement "stop[] short of the line between possibility and plausibility." *Id.* at 557.

Heyer's complaint does not meet this bar. Heyer claims, upon information and belief, that the defendants' responses to his § 1681g(a)(1) requests omitted "substantial information," such as information shown in previous credit reports "that is now archived," information "provided to prospective creditors, insurers, or employers," and information that "may contain negative codes or erroneous account information." Dkt. No. 1 at ¶¶ 42–43. These allegations are speculative and do not raise a reasonable expectation that discovery will reveal evidence. *See Twombly*, 550 U.S.

4

at 556; *Iqbal*, 556 U.S. at 678. A complaint that "appears to assume that some data was withheld from [the plaintiff], without any factual allegations in support of that assumption," must be rejected. *Larson v. Trans Union, LLC*, No. 12-CV-05726-WHO, 2014 WL 1477705, at *4 (N.D. Cal. Apr. 14, 2014).

Plaintiffs cannot use lawsuits as tools to test hunches. *See Parker v. Equifax Info. Servs., Inc.*, No. 2:15-cv-14365, 2017 WL 4003437, at *4 (E.D. Mich. Sept. 12, 2017) ("[T]he 'doors' of discovery are not 'unlocked' for 'a plaintiff armed with nothing more than conclusions.'" (citing *Iqbal*, 556 U.S. at 678–79)); *Densmore v. Gen. Motors Acceptance Corp.*, No. 03C1866, 2003 WL 22220177, at *2 (N.D. Ill. Sept. 25, 2003) ("[A] party may not file a lawsuit in order to conduct a fishing expedition based on a hunch."). But that is what Heyer seeks to do here, as his complaint only speculates that the defendants withheld information. Courts faced with nearly identical allegations have held that they are incapable of withstanding a motion to dismiss. *See, e.g.*, *Frazier v. Experian Info. Solutions, Inc.*, No. JKB-18-0067, 2018 WL 3785131, at *6 (D. Md. Aug. 9, 2018); *Scott v. Experian Info. Solutions, Inc.*, No. 18-CV-60178, 2018 WL 3360754, at *6–7 (S.D. Fla. June 29, 2018). Given its failure to meet the pleading standards set forth in *Twombly* and *Iqbal*, Heyer's complaint must be dismissed for failure to state a claim.

Experian and Equifax's second ground for dismissal is Heyer's failure to allege that the defendants willfully violated § 1681g(a)(1). Given that Heyer has not alleged actual damages and seeks relief under § 1681n, he is proceeding under a willfulness liability theory, which requires allegations to that effect. *See* 15 U.S.C. §§ 1681n, 1681o. "[W]illfulness is a high standard, requiring knowing or reckless disregard of the FCRA's requirements." *Berry v. Schulman*, 807 F.3d 600, 605 (4th Cir. 2015) (citation omitted). In determining whether § 1681n's willfulness standard

5

had been met, the Supreme Court in *Safeco Insurance Company of America v. Burr*, 551 U.S. 47 (2007), examined "court of appeals" authority, "authoritative guidance" from the Federal Trade Commission (FTC), and statutory text. *Id.* at 69–70. Although the Court found a "dearth of guidance and [] less-than-pellucid statutory text," it determined that the defendant's conduct did not amount to willfulness because its reading of the statute "was not objectively unreasonable." *Id.* The willfulness standard is therefore not met where the defendant's interpretation "could reasonably have found support in the courts." *Id.* at 70 n.20.

With the guidance of *Safeco* in mind, Experian and Equifax argue that Heyer's entire theory of the case—that the defendants' § 1681g(a)(1) responses were underinclusive for failure to include archived information, information that "may" contain negative codes, and other unspecified additional or erroneous information—fails because every federal circuit court to consider that theory has rejected it. *See, e.g.*, *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007); *Shaw v. Experian Info. Solutions, Inc.*, 891 F.3d 749, 761 (9th Cir. 2018); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711 (3d Cir. 2010). These decisions, Experian and Equifax argue, make clear that the scope of § 1681g(a)(1) is limited to information included in a consumer report, not to any and all other information a CRA might have about a requesting consumer. To Experian and Equifax, Heyer's claims relate to information outside the bounds of a consumer report and therefore must be dismissed for failure to allege facts capable of supporting a willfulness theory.

For this second reason, too, the court agrees that Heyer's complaint must be dismissed. Heyer urges the court to interpret the scope of § 1681g(a)(1) to include any and all information stored and accessible to a CRA. But the Seventh Circuit squarely rejected such an interpretation in *Gillespie*. *See* 482 F.3d at 909–10. There, when analyzing the same argument that Heyer makes

6

as to the scope § 1681g(a)(1), the court noted that such a broad interpretation would render the subsequent paragraphs of § 1681(a), which "list other types of information that must be revealed as well," unnecessary. *Id.* at 909. Given that the court interprets statutes to avoid rendering words or sections superfluous, it concluded that the plain language of §1681g(a)(1) favors the interpretation "that 'file' means information included in a consumer report." *Id.* In addition to the statute's plain language, the court noted that the FTC's commentary on § 1681g(a)(1) supported limiting the term "file" to material included in a consumer report. *Id.* (citing 16 C.F.R. pt. 600, app. § 603 ("The term *file* denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer.")). The court found that the statute's legislative history, too, suggested the same limitation. *Id.* (citing S. Rep. No. 104-185, at 41 (1995) ("Section 408 explicitly requires consumer reporting agencies to provide, upon request, all information in the consumer's file. The Committee intends this language to ensure that a consumer will receive a copy of that consumer's report, rather than a summary of the information contained therein.")). Based on the statute's language, the FTC's guidance, and the Senate Committee Report, the court held "that 'file' means information included in a consumer report." *Id.* at 910; *see also Shaw*, 891 F.3d at 761; *Cortez*, 617 F.3d at 711.

Heyer's complaint does not plausibly allege that the defendants knowingly or recklessly violated the guidance in *Safeco* and *Gillespie*. That is, Heyer does not allege that the defendants failed to disclose information that is actually contained in a consumer credit report. *See Gillespie*, 482 F.3d at 910; *Smith v. Experian Info. Solutions, Inc.*, No. 13C9130, 2015 WL 12712047, at *4 (N.D. Ill. Oct. 27, 2015) (interpreting § 1681g(a)(1) to apply to information "in the credit report itself" under *Gillespie*). The only information Heyer specifically identifies as being excluded from

7

the defendants' responses includes archived information and information that "may contain negative codes or erroneous information." Dkt. No. 1 at ¶¶ 42–43. Even assuming that archived information exists, Heyer does not allege that such information was actually a part of his consumer report "at the time of [his] request[s]." § 1681g(a)(1). Regarding the negative codes and erroneous information, Heyer only alleges that the defendants' responses "may" have included such information. Such speculation cannot plausibly allege willfulness. Moreover, Heyer does not allege that the defendants report negative codes to creditors, insurers, or employers that it does not also include in the plain language of a consumer disclosure. *See Gillespie*, 482 F.3d at 909 ("Congress wanted consumers to receive . . . complete copies of their consumer reports, not their entire files in whatever form maintained by the CRA."); *Shaw*, 891 F.3d at 761. Heyer's failure to plausibly allege willfulness in light of *Safeco* and *Gillespie* is a second and independent basis upon which his complaint must be dismissed. *See, e.g.*, *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 848 F. Supp. 2d 532, 543–44 (E.D. Pa. 2012) (dismissing a § 1681n willfulness claim for failure to plead facts sufficient to state a plausible claim because defendant's interpretation of the FRCA was not objectively unreasonable).

Heyer notes in his response brief that he received a report from a third party CRA, National Consumer Telecom & Utilities Exchange (NCTUE), that included information about his telephone service billing. He notes that NCTUE states on its website that "[t]he NCTUE database is housed and managed by Equifax Information Services LLC." Dkt. No. 19 at 7. Relatedly, he states that "The Work Number," which is a registered trademark of TALX Corporation, a wholly owned subsidiary of Equifax, Inc., provided him with a report that included "some of his employment information." *Id.* at 7–8. Not only are these statements fruitless because they are not alleged in the

8

Case 1:19-cv-00015-WCG   Filed 07/03/19   Page 8 of 12   Document 26

complaint, but they actually demonstrate that § 1681g is working as it should. Accepting Heyer's statements as true, he received a report from NCTUE showing telephone billing information and a report from The Work Number showing certain employment information. In other words, each entity disclosed the information in its file. That the defendants in the instant action did not also have telephone billing and employment information does not mean that they failed to disclose the information actually included in Heyer's consumer report when they received a disclosure request. Absent allegations to the contrary, and in light of the guidance in *Safeco* and *Gillespie*, Heyer's complaint must be dismissed.

Experian and Equifax argue as a third ground for dismissal that Heyer lacks standing because he alleges a technical statutory violation that has caused no real harm. Although presented as a third alternative ground for dismissal, lack of standing deprives the court of subject matter jurisdiction, rendering the other two grounds asserted secondary. Whether a plaintiff has standing is an issue of subject matter jurisdiction, as Article III of the United States Constitution "confined federal courts to adjudicating actual 'cases' and 'controversies.'" U.S. Const., art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1991). The plaintiff bears the burden of showing that he or she is entitled to have the court decide the case. *Allen v. Wright*, 468 U.S. 737, 750–51 (1984). That is, the plaintiff must present the court with a justiciable case or controversy. *Id.*

To satisfy Article III's standing requirement, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan*, 504 U.S. at 560). "To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized'

9

and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). To be "particularized," an injury must affect the plaintiff in a personal and individual way. *Id.* (citations omitted). To be "concrete," an injury "must actually exist" and must be "'real,' and not 'abstract.'" *Id.* (citation omitted).

The Supreme Court has recognized that, although "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue a plaintiff who would not otherwise have standing," Congress remains "well positioned to identify intangible harms that meet minimum Article III requirements." *Id.* at 1547–49. "Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before," and "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," such as where a "risk of real harm" exists. *Id.* at 1549; *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 344 (7th Cir. 2018). In such a case, the plaintiff "need not allege any *additional* harm beyond the one Congress has identified." *Spokeo*, 136 S. Ct. at 1549 (citations omitted).

Heyer does not allege that the defendants' purported violations actually injured him in a dollars-and-cents way. Instead, he appears to allege that a risk of real harm exists if prospective creditors, insurers, or employers obtain false information about him that could have been corrected had the defendants complied with § 1681g(a)(1). *See* Dkt. No. 1 at ¶¶ 47–49. The Supreme Court has recognized that, in enacting the FCRA, "Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk." *Spokeo*, 136 S. Ct. at 1550. Disclosure requirements are tied to the FCRA's goal of curbing the dissemination of false

10

information. *Cf. Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017). On this basis—his inability to scrutinize withheld information—Heyer believes he alleges an injury in fact.

The court disagrees. Heyer alleges that he "clearly is not making any claim regarding information that **HAS** been provided to a third party that he is aware of." Dkt. No. 1 at ¶ 47. Instead, he seeks the disclosure of information outside the scope of the word "file" as courts have interpreted it—information he does not allege is included in a consumer credit report—that "**MIGHT** be provided at some time in the future to a third party." *Id.* Given that the information Heyer seeks has not previously been disclosed, that Heyer's allegations do not raise the inference that such information could be disclosed, and that, as previously discussed, the information in dispute falls outside of what must be disclosed in the "file" under § 1681g(a)(1), *see Gillespie*, 482 F.3d at 909–10, he fails to allege a concrete risk of harm. Heyer only alleges a theoretical, abstract, and non-imminent injury that, if it exists at all, lies outside the scope of § 1681g(a)(1). Courts have repeatedly rejected such "highly speculative" bases for standing. *See Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 463 (6th Cir. 2019); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("[W]e have repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." (citations omitted)). Because Heyer has failed to sufficiently allege an actual or imminent injury in fact, he lacks standing and his complaint must be dismissed.

In sum, three independent bases call for dismissal of Heyer's complaint: he fails to state a claim upon which relief may be granted, fails to allege sufficient facts in support of a willfulness theory, and fails to allege a concrete injury in fact. Each of these grounds requires dismissal as to Experian and Equifax, but dismissal for lack of subject matter jurisdiction on standing grounds

11

leaves the other two grounds as merely alternative grounds for dismissal. Trans Union neither filed a motion to dismiss nor joined Experian and Equifax's motion. Trans Union also withdrew affirmative defenses one through five in its answer, including the defense that Heyer's complaint fails to state a claim upon which relief may be granted. Dkt. Nos. 15, 20–21. Because constitutional standing is jurisdictional, however, *see Lujan*, 504 U.S. at 559, Heyer's complaint will be dismissed as to Trans Union for lack of standing.

## CONCLUSION

For the foregoing reasons, Experian and Equifax's motion to dismiss (Dkt. No. 16) and Heyer's motion for leave to file a sur-reply (Dkt. No. 24) are **GRANTED** and Heyer's complaint is dismissed for lack of jurisdiction as to all defendants and, alternatively, for failure to state a claim as to Experian and Equifax. The Clerk is instructed to enter judgment accordingly.

**SO ORDERED** this  2nd  day of July, 2019.

        s/ William C. Griesbach
        William C. Griesbach, Chief Judge
        United States District Court