UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

Brian G. Heyer
    *Plaintiff.*

v.

Case No. 1:19-cv-00015-WCG

Chief Judge William C. Griesbach

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; EQUIFAX, INC.; EQUIFAX
INFORMATION SERVICES LLC
    *Defendants*

**PLAINTIFF'S SURREPLY IN RESPONSE TO DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX, INC., AND EQUIFAX INFORMATION SERVICES, LLC'S JOINT REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants' Joint Reply assert that Plaintiff cannot amend the complaint merely with a subsequent memorandum. However, Plaintiff states frequently in the Complaint that more of the Plaintiff's personal information exists in Defendants' files than what was provided as required by law to Plaintiff by Defendants. That point is the very crux of the Complaint.

Plaintiff's Opposition to Motion to Dismiss [Doc. 19] asserts Defendants have access to and sell personal information branded as belonging to the National Consumer Telecom & Utilities Exchange (NCTUE). Defendant's Joint Reply does not deny that NCTUE data belongs to or is accessible to by Defendants. Defendants do indeed point out the obvious that Defendants and NCTUE are separate legal entities. However, Defendants Reply does not deny owning a portion of NCTUE. The Court should note the Defendants' Reply cites what NCTUE itself states on the NCTUE website about Membership

1

but Defendants themselves make no such claim in their Reply. Such matters of ownership, control, access, and distribution is ripe for the discovery process; Plaintiff objects to Defendants counsel introducing heresay. Further, Defendants point to Defendant's assertion that NCTUE's website states, "the NCTUE database does not include Equifax *credit* information." (Emphasis added by Plaintiff.) The FCRA's information disclosure requirements are *not* limited to mere "**credit** information," but instead encompasses information on "... character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part..." 15 U.S.C. § 1681a(d)(1).

Further, 15 U.S.C. § 1681a(g) required full disclosure of consumer's information regardless of the manner or location stored. Consumer Reporting Agencies cannot avoid disclosure or accuracy responsibilities for consumer's personal data they manage or control by hiding data offshore or with distant undisclosed subsidiaries. This NCTUE data was under the control (and possibly ownership) of Defendant Equifax, but was willfully excluded from the bare "credit report" provided to Plaintiff. Such information was relied upon when writing the Complaint and should be considered in denying the Motion to Dismiss. *Cortec Indus. v. Sum Holding L.P.,* 949 F.2d 42, 47-48 (2d Cir.1991)

Plaintiff's Complaint describes that actions across *alter ego* corporate entities cannot avoid FCRA compliance. In keeping with *In the Matter of Lisse,* 905 F.3d 495 (2018) and to avoid consuming the Court's limited resources with an extra motion, Plaintiff respectfully requests the Court to take judicial notice of the following matter, stipulation, and consent order:

https://www.consumerfinance.gov/policy-compliance/enforcement/actions/experian-holdings-inc-experian-information-solutions-inc-and-consumerinfocom-inc-dba-experian-consumer-services/

https://files.consumerfinance.gov/f/documents/201703_cfpb_Experian-Holdings-Inc-stipulation.pdf

https://files.consumerfinance.gov/f/documents/201703_cfpb_Experian-Holdings-Inc-consent-

order.pdf

These documents can be accurately and readily determined from sources (e.g. an official website of the United States government) whose accuracy cannot reasonably be questioned. Further, the Court should take judicial notice of the case file in this instant case (Case No. 1:19-cv-00015). Defendant Experian Information Solutions, Inc. has failed to comply with Civil L. R. 7.1 and Fed. R. Civ. P. 7.1 by not disclosing that it is a wholly-owned subsidiary of Experian Holdings, Inc. This failure prejudices Plaintiff by denying the due process protections of Civil L. R. 7.1. *Alter ego* pattern of corporate behavior is already described in the Complaint

Defendants continue their untenable tautology that CRAs can mail off bare selections of limited personal data, then assert that their self-selected "report" meets the definition of "consumer file," and thereby deny consumers' rights to examining their own **full consumer file disclosure**. Plaintiff respectfully requests the Court take note of 15 U.S.C § 1681h requiring CRAs to allow visits and physical inspection of records by a consumer **and** that consumer's third party witness. Such a statute would be superfluous under Defendant's reasoning that whatever limited, selected disclosure CRA's decide to send to a consumer meets by definition a **full consumer file disclosure**.

Defendants Joint Reply introduces new mud to cloud the waters of *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007); *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010); and *Goode v. LexisNexis Risk & Information Analytics Group, Inc.*, 848 F. Supp. 2d 532 (E.D. Pa. 2012). Defendants assert *Goode* is non-precedential and that *Cortez* is inapplicable. However cases both are precisely on point. Defendants admit *Gillespie* and *Cortez* [Doc. 22, page 5, footnote 2] hold that 15 U.S.C. § 1681g requires CRAs to disclose "all information furnished *or might be furnished*." (Emphasis added by Plaintiff). If information exists in the consumer's file, it **"might be furnished"** in

3

reports to others, and therefore is subject to § 1681g disclosure to the inquiring consumer. Indexing or file maintenance data which is useful only to the internal record keeping of the consumer's file (such as the "purge dates" at issue in *Gillespie*) appear to not fall under "might be furnished" and are therefore outside disclosure requirements to consumers. *Cortez* and *Goode* do not contradict *Gillespie*, but instead, conform to it and conclude the consumers do indeed have a right to receive under 15 U.S.C. § 1681g their full consumer file information which has been or might be furnished.

Defendants tilt at windmills with Plaintiff's use of the word, "surmise." [Doc. 1, ¶ 51). Plaintiff states, "One can only surmise that there must be some nefarious reason why" Defendants would instruct its customers to not show consumers the codes which accompany reports provided to Defendant's customers. The very words used by Plaintiff mean he is surmising the *intentions* of the Defendants; those words do not mean that he is guessing at the existence of undisclosed informtion. Just last week, Plaintiff accompanied his minor son to open his first checking account at the credit union. The branch manager was heard to say that the credit union receives special credit reports from the Defendant CRAs showing "favorable or not favorable" indicators on whether or not to open checking accounts. Such indicators were not present on the credit reports provided by Defendants to Plaintiff.

## CONCLUSION

For the foregoing reasons, at this "fair notice" pleading stage of litigation, the Motion to Dismiss should be denied in its entirety.

Respectfully submitted,

/s/ Brian Heyer

Brian G. Heyer *pro se*
W6786 Sunnyvale Ln, Greenville, WI 54942-8695
(920) 710-0171   heyerstandards@gmail.com

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on April 27, 2019.

Marie G Bahoora
Michael Best & Friedrich LLP
100 E Wisconsin Ave - Ste 3300
Milwaukee, WI 53202-4108

Michelle L Dama
Michael Best & Friedrich LLP
Firstar Plaza
1 S Pinckney St - Ste 700
PO Box 1806
Madison, WI 53701-1806

J Robert Weyreter
Justin T Walton
Katherine E Carlton Robinson
Schuckit & Associates PC
4545 Northwestern Dr
Zionsville, IN 46077

Meryl W. Roper
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309

Dated April 27, 2019

Brian G. Heyer